[No. 15910.    Department Two.—December 26, 1895.]

## CHRISTIANA T. RANDOL, APPELLANT, v. EUGENE B. SCOTT ET AL., RESPONDENTS.

LEASE—ASSIGNMENT—COVENANT BY JOINT LESSEES—INSOLVENCY OF ONE LESSEE—FORFEITURE.—A covenant by two joint lessees of land not to assign the lease or permit any assignment thereof to be made by bankruptcy or otherwise, without the written consent of the lessor, is not broken, so as to incur a forfeiture of the lease, by an adjudication and assignment in insolvency by one of the lessees of his interest in the lease, to which the other lessee is not a party, and which he could not have prevented.

ID.—CONSTRUCTION OF COVENANT—CONDITION INVOLVING FORFEITURE.—A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created, and to prevent the restraint from going beyond the express stipulation; and a covenant by the lessees not to assign the lease must be presumed to mean that the lease should not be assigned by the joint act of the lessees.

ID.—CULTIVATION IN HUSBANDLIKE MANNER—BREACH OF COVENANT—WAIVER OF OBJECTION.—Under a covenant that the land shall be continuously cultivated in a good and husbandlike manner, and kept clear of other growth, except that the lessees may raise squash or pumpkins between the peach trees during the first two years of their growth, the planting of corn, beans, and nursery trees over a very small part of the land is too trivial a matter to warrant a forfeiture of the lease, where the lessor had a right to inspect the premises, and to be informed of the condition of the land and trees and of the performance by the lessees of their covenants, and made no objection to what was done by the lessees.

APPEAL from a judgment of the Superior Court of Santa Clara County.    JOHN RAYMOND, Judge.

The facts are stated in the opinion of the court.

*Edward J. Pringle,* for Appellant.

A stipulation in a lease for its determination in case the lessee should become bankrupt is valid, and it is neither in opposition to any express law nor unlawful as against reason or public policy. (*Farnum* v. *Hefner,* 79 Cal. 581; 12 Am. St. Rep. 174; Taylor on Landlord and Tenant, sec. 404; *Davis* v. *Eyton,* 7 Bing. 154; *Doe* v. *David,* 5 Tyrw. 125; *Roe* v. *Galliers,* 2 Term Rep. 133; Platt on Covenants, 421; 1 Washburn on Real Property, 5th ed., 504; *Holland* v. *Cole,* 1 Hurl. & C. *67; *King* v. *Topping,* 1 McClel. & Y. 544; *Yarnold* v. *Moorhouse,* 1 Russ. & M. 365; *Cooper* v. *Wyatt,* 5 Madd. 482; *Shree* v. *Hale,* 13 Ves. 404; *Ex parte Gould,* 13 L. R. Q. B. Div. 455; *Kilkenny Gas Co.* v. *Summerville,* L. R. 2 Irish, 194; Wood on Landlord and Tenant, 716.) Such a covenant means that neither of the lessees shall assign the whole or any part of his interest without consent. (*Varley* v. *Coppard,* L. R. 7 Com. P. 505; *Clarke* v. *Cummings,* 5 Barb. 339; *Copland* v. *Laporte,* 3 Ad. & E. 517; *Jackson* v. *Groat,* 7 Cow. 285; *Commonwealth* v. *Curtis,* 9 Allen, 266; *Commercial Wharf Co.* v. *Winsor,* 146 Mass. 562.) The covenant for cultivation in a particular manner is valid. (*Doe* v. *Davis, supra; Bristol* v. *Westcott,* L. R. 12 Ch. Div. 461; 1 Pomeroy's Equity Jurisprudence, sec. 454, note 3.)

*W. C. Kennedy,* for Respondent Eugene B. Scott.

*L. Archer* and *Nicholas Bowden,* for Respondents W. W. Cozzens and Frank M. Burkholder.

A covenant by a lessee against assignment and underletting is not broken by an involuntary transfer of the possession, as if it be sold by a sheriff on execution, or an assignee in bankruptcy, or by an executor. (2 Greenleaf on Evidence, sec. 245, and cases cited in note 6; Woods on Landlord and Tenant, 534–37; Taylor on Landlord and Tenant, sec. 408.) If the insolvency of Cozzens had been involuntary, such insolvency would not work a forfeiture. (*Farnum* v. *Hefner,* 79 Cal. 575; 12 Am. St. Rep. 174; *Farnum* v. *Hefner,* 92 Cal. 543; *Bemis,*

v. *Wilder;* 100 Mass. 446; *Riggs* v. *Pursell,* 66 N. Y. 198; *Jackson* v. *Silvernail,* 15 Johns. 278; *Smith* v. *Putnam,* 3 Pick. 221.) The words "insolvent" and "insolvency" are not synonymous with the words "bankrupt" and "bankruptcy." Insolvency means an inability to pay debts in the ordinary course of business. Bankruptcy means a particular legal status to be ascertained by judicial decree. (Am. & Eng. Ency. of Law, 67; *In re Black,* 2 Ben. (D. C.) 196; *Morse* v. *Godfrey,* 3 Story, 365; *Ogden* v. *Saunders,* 12 Wheat. 230; *Williams* v. *Norris,* 12 Wheat. 122; *Ward* v. *Crane,* 3 Blackf. 394; *Van Hook* v. *Whitlock,* 26 Wend. 43; 37 Am. Dec. 246; 1 East, 11; 4 Barn. & Ald. 654; Bald. 296; Am. & Eng. Ency. of Law, 67.) A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created. (Civ. Code, sec. 1442; Gear's Landlord and Tenant, sec. 195; *Sauer* v. *Meyer,* 87 Cal. 34; *Van Buren* v. *Digges,* 11 How. 477; *Muldoon* v. *Lynch,* 66 Cal. 539; *Anglea* v. *Commonwealth,* 10 Gratt. 700; 8 Am. & Eng. Ency. of Law, 443; Taylor on Landlord and Tenant, sec. 489; *Wyndham* v. *Carew,* 2 Q. B. 317; *The "Elevator case,"* 17 Fed. Rep. 200.) The covenant is against public policy, and is construed most strongly against the lessor. (Civ. Code, secs. 1441, 1596, 1667, 3513; *Chipman* v. *Emeric,* 5 Cal. 49; 63 Am. Dec. 80; *Henderson* v. *Carbondale etc. Co.,* 140 U. S. 25; Insolvent Act, secs. I, 4, 6, 17, 18, 20; *Ex parte Barter,* L. R. 26 Ch. Div. 510; 12 Am. & Eng. Ency. of Law, 1003; Greenhood on Public Policy, 566–68.) The assignment of Cozzens was an act of law, and its effect cannot be defeated by private agreement. (Civ. Code, sec. 3513.) The contract of the lessees is joint, and not several. Their covenant in terms and law is, that no joint assignment shall be made. (Civ. Code, sec. 1431; *Harrison* v. *McCormick,* 69 Cal. 620; *Northern Ins. Co.* v. *Potter,* 63 Cal. 157; *Freeman* v. *Campbell,* 55 Cal. 197.) If the land was not cultivated in the manner provided by the lease, the remedy of the lessor is not forfeiture of the lease, but an action for damages or injunction. (Taylor's Land-

lord and Tenant, secs. 420–23; *Drury* v. *Molins*, 6 Ves. 328; *Pratt* v. *Britt*, 2 Med. 62; *Hubble* v. *Cole*, 85 Va. 87.) In order to enforce a power of re-entry for breach of covenant, it must be clear and manifest that it was the intention of the parties to provide for it. (2 Taylor on Landlord and Tenant, sec. 489; *New York Life Ins. etc. Co.* v. *Rector etc.*, 64 How. Pr. 511; *Price* v. *Nicholas*, 4 Hughes, 616; *Croft* v. *Lumley*, 85 Eng. Com. L. R. 648.)

McFARLAND, J.—A demurrer to the amended complaint was sustained; plaintiff declined to further amend; and judgment was rendered for defendants. Plaintiff appeals from the judgment.

The action is to recover possession of land leased by the plaintiff, upon the ground that certain covenants of the lessees have not been kept—substantially a bill to declare the forfeiture of a lease. The provision for the forfeiture is that "if default shall be made in any of the covenants herein contained, then it shall be lawful for the lessor to re-enter the said premises."

The term of the lease was ten years from the first day of October, 1890. The lessees were Eugene B. Scott and W. W. Cozzens. The land leased was four hundred and nineteen acres of uncultivated land. By the terms of the lease the lessees were to lay out and divide four hundred acres of this land into eight convenient parts as nearly equal as may be, "having regard to separate facility of access, and subject to the approval of the lessor"; they were to "thoroughly prepare" this four hundred acres for planting, and to plant the whole thereof with trees of French prunes and peaches of certain specified varieties, and to complete the planting in the winter of the year 1890; they were to properly tend, cultivate, prune, and care for these trees during the whole term of the lease, and to protect them from disease and insects by the most improved methods; and they were to gather the fruit (of course, after the trees should have commenced to bear) each year in boxes and deliver one-

third thereof, as rent to plaintiff, at a place in San Jose to be selected by her agent. There are other covenants by the lessees not necessary to be here noticed, because the complaint admits that all the covenants were fully complied with, except the two hereinafter mentioned.

One of the covenants alleged to have been broken is as follows: "And the said lessees do hereby covenant . . . . not to assign this lease, or permit any assignment thereof to be made by bankruptcy or otherwise, without the written consent of the lessor." And the alleged breach of this covenant is based upon the alleged facts that in September, 1891, said Cozzens filed his petition in insolvency in the proper court, and included in the schedule of his property "an undivided one-half interest" in said lease; that he was subsequently adjudged by said court to be an insolvent debtor; that in October, 1891, one Burkholder duly became his assignee; that in due course all of said Cozzens' property was assigned to said assignee; that in March, 1892, said assignee was empowered by said court to sell all the property of said insolvent; that he threatens to sell the same, including the said half-interest in said lease; and that said Scott and said Burkholder are in possession of said demised premises, and withheld the same from plaintiff.

These averments do not show an assignment of *the lease* by the *lessees* within the meaning of said covenant —waiving other points made by respondents in support of the judgment, as, for instance, that under the strict construction applicable to forfeitures " bankruptcy" does not include insolvency; that the assignment to the assignee in insolvency was by operation of law and was not the act of Cozzens; that Scott did not " permit" the bankruptcy; and that the covenant is against public policy and in express contravention of the insolvent law. Scott and Cozzens were tenants in common of the land leased; this is admitted and declared by appellant. Neither could, therefore, dispose of the interest of the other; nor could either prevent the other from disposing

of his interest; and appellant must be considered as having dealt with the lessees as tenants in common, and with knowledge of their rights, powers, and disabilities as such tenants. When, therefore, under these circumstances it was covenanted merely that the "lessees" should not assign "the lease"—*the lease,* as an entirety—the meaning of the parties is presumed to be that the lease should not be assigned in the only way in which it could have been assigned, namely, by the joint act of the lessees. The lease, therefore, was not assigned within the meaning of the contract. If the proceedings in insolvency worked a valid assignment of anything, it was only an interest in the lease; and that Scott could not have prevented. The covenant does not provide that the lease should be forfeited upon the assignment by one of the tenants in common of his interest. The understanding of the parties as to the covenant in question is illustrated by another clause which provides that the lessor may cancel the lease "in case of the death of *the lessees*"—not of one of the lessees. A forfeiture can be enforced only when there is "such a breach shown as it was *the clear and manifest intention* of the parties to provide for." (Taylor on Landlord and Tenant, 8th ed., sec. 489, and cases cited.) In all the cases cited by appellant the covenant was by a single lessee—holding in severalty. In *Varley* v. *Coppard,* L. R. 7 Com. P. 505, the original lessee had assigned to *copartners.* Of course it is unnecessary to cite authorities to the points that covenants in restraint of alienation are barely tolerated, and that contracts looking to penalties and forfeitures must be strictly construed; but a few instances of particular expressions used in statements of the rule, and cases to which it has been applied, may not be unprofitable. Our own code provides that "a condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created." (Civ. Code, sec. 1442.) As to the power of re-entry for the forfeiture of a lease it was said by Justice Miller: "It has always been considered that it was necessary to restrain it to the *most*

*technical limits* of the terms and conditions upon which the right is to be exercised." ("*Elevator Case*," 17 Fed. Rep. 201.) "Covenants of this description are construed by courts of law with the utmost jealousy to prevent the restraint from going beyond the express stipulation." (Taylor on Landlord and Tenant, sec. 403.) In *Hasbrook* v. *Paddock*, 1 Barb. 635, it was held that a lease of a lot of state land (under a statute) which provided for a forfeiture if the lot should be used for purposes other than the manufacture of salt was not forfeited by the use of *a part* of the lot for other purposes; and the court, after referring to the rule of strict construction against penalties and forfeitures, said: "Until the legislature has explicitly declared their intention to forfeit parts of lots, it is no part of the duty of courts, in the construction of a penal statute, to extend the meaning of words and phrases which the lawmakers have chosen to employ." In *Jackson* v. *Silvernail*, 15 Johns. 278, the covenant of the lessees was not "to sell and dispose of, or assign their estate in the demised premises," and the lessees "demised, leased, and to farm let" a part of the premises for twenty years—being less than the full term; and the court held that this did not give a right of re-entry —saying that "the plaintiff's right is *stricti juris*, and to enable him to recover on the ground of forfeiture he must bring his case within the penalty on the most literal and rigid interpretation of the covenant," and that the covenant meant an assigning of the whole estate, and not a mere subletting. It has been held also that a covenant "not to let or underlet the whole or any part" of the demised premises does not preclude an assignment of the whole interest. (*Lynde* v. *Hough*, 27 Barb. 415.) These instances (extreme perhaps) are noticed merely to show the tenacity with which courts hold to the rule that forfeitures of estates and restraints upon alienations should not be enforced except when the terms of the conditions are so plain as to be beyond the province of construction. And an application of these principles to the case at bar clearly precludes the forfeiture here at-

tempted. It is difficult to imagine a case where the
enforcement of a forfeiture would be more unjust. This
action was not commenced until the fourth year after
the execution of the lease, and three years after the in-
solvency of Cozzens; and it is quite apparent that the
lessees had then performed the burdensome part of their
contract without having received any substantial re-
muneration. They created a valuable property for ap-
pellant, by preparing the soil and planting and taking
care of the trees until they were about in a condition to
bear fruit and return something to them for their out-
lay; and now the appellent proposes to take possession
of the land thus improved, and appropriate, without
consideration, the results of their money and labor.

2. A mere statement of the second ground for a for-
feiture is sufficient to show its insufficiency. The cov-
enant, for the violation of which the forfeiture is sought
in the second count of the complaint, is as follows:
"The land to be continuously cultivated in a good and
husbandlike manner, and kept clear of other growth,
except that the lessees may raise squash and pumpkins
between the peach trees during the first two years of
their growth, and between the prune trees during the
first three years of their growth"; and the averment
upon which forfeiture is sought is that the cultivation
was not in a good and husbandlike manner " in this,
that the defendants have planted, and now maintain,
four rows of corn between every two rows of the said
fruit trees over a space of about twelve acres, and four
rows of beans between every two rows of the said fruit
trees over a space of about twenty acres, and a nursery
of young trees between the rows of the fruit trees in the
said land described over a space of two acres." What-
ever other remedies appellant may have had, the plant-
ing of corn, beans, and nursery trees over a very small
part of the four hundred acres, instead of squash and
pumpkins over the whole of it, is entirely too trivial a
matter, under the principles above stated, to warrant a
forfeiture—particularly as the lessor had the right, under

the terms of the lease, to " at any and all times enter upon and inspect the demised premises in order to be informed of the condition of the land and trees, and of the faithful performance by the lessees of their covenants aforesaid," and made no objection to the corn and beans.

The judgment is affirmed.

HARRISON, J., and TEMPLE, J., concurred.

Hearing in Bank denied.