[Civ. No. 5067. Third Appellate District.—October 15, 1934.]

ALBERT NELSON et al., Appellants, v. F. J. SCHOETT-
GEN, Respondent.

Fred A. Watkins for Appellants.

Rowan Hardin for Respondent.

HELD, J., *pro tem.*—The plaintiffs herein, on July 20, 1932, entered into an agreement with defendant, whereby defendant leased to plaintiffs five certain quartz claims in the county of Tuolumne. The lease also contained an option to purchase the properties for the sum of $62,500, of which sum $14,400 was to be paid in ninety-six consecutive monthly installments of $150 each, beginning on the first day of July, 1932. The remaining $48,100 was to be paid in eight annual installments in varying amounts, beginning on January 10, 1934.

Two clauses in this agreement are the basis of the present action. The first reads as follows: "Work upon said property shall commence upon the execution of this agreement, and such work shall continue thereafter through the life of this agreement, and there shall be performed in and upon said property each month thereafter not less than twenty-six shifts of work: a shift being defined as eight hours' working time for one man, as defined by the U. S. Department of Commerce."

The second reads as follows: "The party of the second part (the plaintiffs) may at any time demand an abstract, and the party of the first part (the defendant) agrees to furnish same within a period of thirty days, and should there be any doubt as to the herein described claims not being clear, then the party of the first part agrees to clear same, and waive all within described payments, both monthly

and yearly, until such time as said claims have been fully cleared and guaranteed by the Title Company.''

The complaint alleges that the agreement was entered into by plaintiffs on the express representations of defendant that he had good and clear title to the property described, and that relying on the truth of said representations, the plaintiffs paid defendant $1,050 on account of the purchase price, and also paid out $7,000 for labor in working the property, and $7,000 for machinery and equipment installed thereon. It is also alleged that defendant's title to three of said mining claims was defective, and that thereupon plaintiffs rescinded said agreement and tendered to defendant a quitclaim deed to said property. It is further alleged in the complaint that in and by said agreement, defendant obligated himself to furnish an abstract of title to plaintiffs within thirty days after demand therefor; that on the twenty-ninth day of August, 1932, plaintiffs demanded of defendant that he furnish such abstract, but that defendant refused to comply with such demand. The plaintiffs pray judgment against defendant for $15,050, the aggregate of the aforesaid sums, and for such sum as they might be required to expend in the defense of a certain action instituted against them by an adverse claimant to a portion of the property.

The defendant, by his answer, admits the execution of the agreement, and also admits that he represented that he had a good title to the property. Defendant alleges, however, that certain unfounded claims were then being made by third parties to a portion of the property at the time that the agreement was entered into, and that plaintiffs then had knowledge of such adverse claims, and that the parties mutually agreed that action would be brought to clear the title thereof. It is alleged also in the answer that plaintiffs had no grounds for a rescission, and that the attempted rescission was not made in good faith. Further answering, defendant alleges that plaintiffs voluntarily and without cause or reason failed and refused to comply with or perform the conditions and covenants of said lease and option, and abandoned the same, and that they forfeited and abandoned all their right to the property, and in said lease and option. As to the demand for an abstract, the defendant in his answer admits that such a demand was made, but

alleges that the clause providing for such abstract was inserted in the agreement through the fraud of plaintiffs, and without the knowledge of defendant.

The defendant also interposed a cross-complaint, wherein it is set forth that a prior lease and option agreement was entered into on November 20, 1931, between the parties to this action and others, but that said agreement was thereafter terminated. It is also alleged in the cross-complaint that on the twentieth day of July, 1932, the agreement referred to in the complaint was entered into, but that through the fraud of plaintiffs the clause providing for an abstract was inserted, which clause was not in the earlier agreement. The defendant then alleges that since the first day of September, 1932, the plaintiffs have not complied with the terms and provisions of said contract, in that they have not paid the monthly installments provided for by said contract, and have not performed the monthly work required by said contract, and have forfeited and abandoned said property and all rights in or to said property or any part thereof. The prayer of the cross-complaint asks that the contract be reformed by striking therefrom the provision for an abstract, and that it be adjudged that plaintiffs have forfeited their rights to said property by reason of their failure to comply with the terms of the contract.

The trial court denied plaintiff's prayer for rescission, and rendered judgment in favor of defendant on his cross-complaint, declaring that appellants had forfeited their interest in the property. The plaintiffs have appealed, and concede that because of an adverse decision by the trial court on questions of fact, they are precluded from an attack on the findings as to those matters where there is a conflict in the evidence. They contend, however, that there is no evidence to support the findings that the provision as to an abstract was fraudulently inserted in the contract, and that finding being without support, and the plaintiffs having made a demand on August 29, 1932, for an abstract, which demand was not complied with, the trial court erroneously concluded that such failure of defendant did not constitute a breach of contract on his part. The plaintiffs further contend that this conclusion of the trial court being erroneous. and hence the defendant having himself breached the

contract, could not have a forfeiture because of the admitted failure of plaintiffs to perform work on the property after October 10, 1932.

The evidence is sufficient in our view to warrant the finding of the trial court that the provision as to the abstract was inserted in the agreement without the knowledge of defendant and through the misrepresentation of plaintiffs. The earlier contract did not contain such a provision. The contract of July 20, 1932, was prepared by plaintiff, Bjorkman, and presented to defendant for his signature by plaintiff, Nelson. Defendant was not given an opportunity to read it before he signed it, and plaintiff, Nelson, represented that its terms were identical with those of the earlier agreement. The trial court therefore properly concluded that the provision relative to an abstract was inserted in the agreement by mistake on the part of defendant, induced by the misrepresentation of plaintiffs. (*Mazuran* v. *Stefanich*, 95 Cal. App. 327 [272 Pac. 772].)

We agree also with the conclusion of the trial court that while the fraud of plaintiffs in regard to the abstract provision did not constitute grounds for the reformation of the agreement, nevertheless the failure of defendant to furnish an abstract after demand therefor was not such a breach of said contract as entitled plaintiffs to a rescission thereof. It is not every breach of a contract that entitles the other party to rescind. The remedy of plaintiffs here was for damages, if any, suffered by them for the failure of defendant to furnish the abstract. (*Murphy* v. *Sheftel*, 121 Cal. App. 533 [9 Pac. (2d) 568]; 13 Cor. Jur., p. 614.) The contract itself provides no penalty to be imposed for such failure. It does provide, independently of defendant's obligation to furnish an abstract, that "should there be any doubt as to the herein described claims not (*sic*) being clear, then the party of the first part agrees to clear same and waive all within described payments, both monthly and yearly, until such time as said claims have been fully cleared and guaranteed by the Title Company". As a matter of fact, a doubt did exist as to the title; conflicting claims by others were asserted to plaintiffs' knowledge, prior to the execution of the contract, and litigation to clear the title was contemplated by all the parties. The plaintiffs had

the right to defer payments called for by the contract, but not to rescind.

█ The contract required plaintiffs to commence work upon the property, and to prosecute the same. The failure of defendant to furnish an abstract did not relieve plaintiffs of this obligation. The plaintiff Nelson testified that no work was performed on the property after October 10, 1932. The witness, Ellis J. Schoettgen, testified that during the month of October, 1932, no work, other than eight or nine shifts by two men, was done. There was clearly a breach by plaintiffs of their obligation to perform a minimum of twenty-six shifts of work each month. For this breach the trial court imposed a severe penalty on plaintiffs herein by terminating and declaring forfeited all their rights under the contract and in the premises.

█ Forfeitures are not favored by the courts, and if an agreement can be reasonably interpreted so as to avoid a forfeiture, it is the duty of the court to avoid it. The burden is upon the party claiming a forfeiture to show that such was the unmistakable intention of the instrument. (*Quatman* v. *McCray*, 128 Cal. 285 [60 Pac. 855] ; *McNeece* v. *Wood*, 204 Cal. 280 [267 Pac. 877] ; 6 Cal. Jur. 362.) "A contract is not to be construed to provide a forfeiture unless no other interpretation is reasonably possible." (*Hansen* v. *D'Artenay*, 121 Cal. App. 746 [9 Pac. (2d) 889] ; *McPherson* v. *Empire Gas & Fuel Co.*, 122 Cal. App. 466 [10 Pac. (2d) 146] ; *Booth* v. *Los Angeles County*, 124 Cal. App. 259 [12 Pac. (2d) 72].) A careful examination of the contract here involved fails to disclose any intention of the parties thereto that a breach of the covenant to perform work on the property should entitle defendant to claim a forfeiture of the rights of plaintiffs. █ The attempted rescission by plaintiffs on November 12, 1932, cannot be held to be a consent to a judgment of forfeiture. That attempted rescission was ineffective as a matter of law, and furthermore, contemplated repayment to plaintiffs of moneys expended by them.

It is therefore ordered that that portion of the judgment which decrees that plaintiffs take nothing by reason of this action be, and the same is, hereby affirmed; and that that portion of the judgment which decrees that plaintiffs and cross-defendants have forfeited and abandoned all right,

title and interest in and to the property described in the complaint be, and the same is, hereby reversed.

Respondent to recover costs on appeal.

Thompson, J., and Plummer, Acting P. J., concurred.