[Civ. No. 15302. Second Dist., Div. Three. Apr. 7, 1947.]

SER-BYE CORPORATION, Appellant, v. C. P. & G. MARKETS, INC. et al., Respondents.

Bloom & Bloom and L. M. Cahill for Appellant.

Aaron Levinson, Albert E. Marks, Jack R. Kates and Nathan Kates for Respondents.

KINCAID, J. pro tem.—The plaintiff appeals from a judgment in favor of the several defendants following the granting by the court of a motion for judgment on the pleadings. Plaintiff, as owner and lessor of premises described in its complaint as the "Meat Department, Breaking Room and Meat Cooler," and being part of a public market situate in Van Nuys, California, brought this action in unlawful detainer, pursuant to subdivision 3 of section 1161, Code of Civil Procedure, for possession after claimed failure upon the part of defendants to perform the conditions of a written lease. The defendants C. P. & G. Markets, Inc., and Eph J. Hoffman, filed separate demurrers to the complaint and the defendants, Harry Pine and B. Greenblatt, joined in a third demurrer thereto. A judge other than the trial judge over-

ruled such demurrers, separate answers were filed and the case was set for trial. Motions for judgment upon the pleadings were made at the trial but before the introduction of any evidence and, after being argued by counsel for the parties, were granted as to all defendants. At no time during these last mentioned proceedings did plaintiff request additional time, any continuance for the purpose of meeting the arguments presented in favor of granting the motions, nor ask leave to amend its complaint in any particular. Plaintiff stands on its complaint as stating a cause of action against the defendants.

"In considering whether the judgment on the pleadings was properly granted, it is but necessary to determine the sufficiency of the complaint upon the same principle as though it had been attacked by general demurrer. In other words, it is only where there is an entire absence of some essential allegation·that a motion for judgment on the pleadings may be properly granted." (*Rannard* v. *Lockheed Aircraft Corp.* (1945), 26 Cal.2d 149, 151 [157 P.2d 1].)

"Since a motion for judgment on the pleadings is in the nature of a general demurrer, the trial court in ruling thereon must treat the allegations of the complaint as true (*MacIsaac* v. *Pozzo*, 26 Cal.2d 809 [161 P.2d 449])." (*Smith* v. *Beauchamp* (1945), 71 Cal.App.2d 250,·256 [162 P.2d 662].)

■ If plaintiff has a good cause of action, which by accident or mistake he has failed to set out in his complaint, or when the facts stated indicate that he probably has a good cause. of action but that it has been pleaded imperfectly or defectively, and the defects have not been called to his attention by demurrer or by notice of motion for judgment on the pleadings, the court should not grant the motion without first giving the plaintiff an opportunity to elect whether he will stand on his pleadings or amend them. (*MacIsaac* v. *Pozzo* (1945), 26 Cal.2d 809, 815, 816 [161 P.2d 449].) As heretofore indicated, however, the defects complained of by the defendants were called to the attention of plaintiff by three demurrers and such party, by its failure to ask leave to amend or for additional time, no accident or mistake having been shown, elected to stand on its pleading without amendment.

"In the absence of some representation to the contrary by plaintiffs' counsel (and there was none), the trial court had the frequently judicially recognized right to presume that the

pleader had stated his side of the controversy as strongly and as favorably as all the facts known to him would permit." (*Scafidi* v. *Western Loan & Bldg Co.* (1946), 72 Cal.App.2d 550, 571 [165 P.2d 260].)

■ The fact that another judge had previously overruled the demurrers, thereby sustaining the validity of the complaint, had no effect upon the right of the trial judge to consider and grant a motion for judgment on the pleadings. (*Wrightson* v. *Dougherty* (1936), 5 Cal.2d 257, 265 [54 P.2d 13].)

Measured by the foregoing principles, we now proceed to a consideration of the sufficiency of plaintiff's complaint in the face of the successful attack made thereon by way of the motion for judgment on the pleadings.

The complaint alleges both plaintiff and the defendant, C. P. & G. Markets, Inc., to be California corporations, that plaintiff is the owner and entitled to the possession of the premises heretofore described and that on April 24, 1940, plaintiff entered into a ten-year written lease of said premises with the defendant corporation only, for a specified monthly rental, pursuant to which the defendant corporation went into possession and remained therein until about August 1, 1945. Plaintiff further alleges that "by the terms of said lease the defendant corporation covenanted that it would not mortgage or otherwise encumber or assign the leasehold estate nor sublet the leased premises in whole or in part, without the written consent of plaintiff first obtained; and that any attempt to assign, mortgage, or sublet, or other violation of the provisions of said covenant would be a breach of covenant and void and confer no right of occupancy or other right on any assignee, mortgagee, subtenant or purchaser"; that in June of 1945, the defendant corporation requested plaintiff to give its consent to a proposed assignment of the lease to defendant Hoffman, which request was refused; that on or about August 1, 1945, the defendant corporation, despite plaintiff's refusal, and in breach of its covenant not to assign or sublet said premises in whole or part, attempted to assign the whole of said premises to Hoffman by transferring to him shares of stock of said defendant corporation and that Hoffman, by virtue of said attempted and purported assignment, then entered upon said premises where he now remains in possession.

The complaint then proceeds to set forth allegations showing that plaintiff, upon learning these facts, caused an investigation to be made, and on information and belief alleges that defendants Pine and Greenblatt owned and controlled all assets of the defendant corporation, that it had filed no copy of its articles of incorporation in Los Angeles County, had no permit to sell its stock, and that such defendants are business conduits and alter ego of one another; that the corporation is merely a shield set up by such individual defendants for carrying on their copartnership business, and that the strategem of a sale of shares of stock of the defendant corporation to Hoffman was a mere sham and fraud in that no permit to issue shares of such stock had been applied for or granted and that any such attempted sale of its stock is void.

The complaint then further alleges that upon learning of defendant corporation's breach of covenant not to assign or attempt to assign or sublet it elected to declare a forfeiture, served a three day notice to that effect and upon defendant's refusal to surrender possession has been damaged in specified sums.

As was said in *McNeece* v. *Wood* (1928), 204 Cal. 280, 283, 284 [267 P. 877] : "At once we are met with the code provision as follows: 'A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created' (sec. 1442, Civ. Code). Examination of the cases in this state shows that our courts have not hesitated to give this rule of interpretation full application. 'Forfeitures, as such, are not favored by the courts, and are never enforced if they are couched in ambiguous terms' (*Cleary* v. *Folger,* 84 Cal. 316, 321 [18 Am.St.Rep. 187, 24 P. 280]). 'A forfeiture can be enforced only when there is such a breach shown as it was the clear and manifest intention of the parties to provide for' (*Randol* v. *Scott,* 110 Cal. 590, 595 [42 P. 976, 977]). 'The burden is upon the party claiming the forfeiture to show that such was the unmistakable intention of the instrument. If the agreement can be reasonably interpreted so as to avoid the forfeiture, it is our duty to do so' (*Quatman* v. *McCray,* 128 Cal. 285, 289 [60 P. 655, 656])." (See, also, *Universal Sales Corp.* v. *California etc. Mfg. Co.* (1942), 20 Cal.2d 751, 771 [128 P.2d 665]; *Keating* v. *Preston* (1940), 42 Cal.App. 2d 110, 117 [108 P.2d 479]; *Nelson* v. *Schoettgen* (1934), 1 Cal.App.2d 418, 423 [36 P.2d 665]; 32 Am.Jur. 298, par. 330.)

Stripped of the surplusage plaintiff has endeavored to set forth a cause of action for possession of the demised premises based upon a claimed attempted assignment of the lease as a result of the transfer to Hoffman by Pine and Greenblatt of shares of stock in the defendant corporation, followed by an entry and remaining in possession by such transferee. This is true even though the notice to quit, a copy of which is attached to and made a part of the complaint, refers to a breach of the covenant in the lease against assigning or subletting and makes no reference to a breach by any attempt to do either.

Plaintiff, some five years previous to the claimed violation, entered into the lease with the defendant corporation. During all of that period it did business with such defendant as its tenant with full knowledge that the demised premises could not be and was not occupied by the corporation itself but only through its stockholders, agents and employees. When plaintiff chose to deal with a corporation as its tenant it must also have known that shares of stock therein might be owned by different stockholders and were subject to assignment to others in the ordinary course of business. The inhibitions against assignment run as to the lease itself and not to the stock in the lessee corporation by one or more stockholders. When, therefore, it was covenanted that the lessee should not "assign the leasehold estate" the lease as an entirety was meant (*Randol* v. *Scott* (1895), 110 Cal. 590, 595 [42 P. 976]), and not merely shares of stock in the lessee corporation.

Although the complaint alleges the circumstance, by way of suspicion, that the lessee defendant had previously requested consent to a proposed assignment of the lease to Hoffman, and that shares of stock were thereafter transferred to him followed by his entry into possession of the demised premises, it fails to allege any facts showing that Hoffman became the transferee of all or any substantial part of the tenant's corporate stock or that he did not merely enter into possession of the premises as an employee or agent of such original lessee. For all that otherwise appears in the complaint the possession by Hoffman may well be that of the defendant corporation itself. Had the parties to the lease intended that the sale and transfer by one or more stockholders in the lessee corporation to other persons of one or more of their shares of stock therein was to be deemed to be an assignment or attempted assignment of the lease itself, such fact

should have been expressed in the lease in clear and unequivocal language.

The fact that the corporation was the lessee may not be overlooked. Control of the corporation could be passed by means of the sale of its stock. If the complaint be interpreted as alleging that Hoffman did acquire control of the corporation, it was not alleged that he did not acquire it for value and in good faith, whatever the motives of Pine and Greenblatt may have been. If the latter had a legal right, so far as plaintiff was concerned, to dispose of control of their corporation, they would not be prevented from exercising that right by the fact that the corporation held a lease which provided against transfer without the consent of the lessor.

The acts and circumstances here shown which plaintiff contends constitute a breach of the terms of the lease, may result in a forfeiture only when the language of the instrument itself shows the clear and manifest intention of the parties was to so provide. The claimed breach here alleged falls far short of meeting this requirement.

Further, the assignment of a leasehold for a longer term than one year, must be by an instrument in writing, subscribed by the party disposing of the same, unless such assignment be by operation of law. (Civ. Code, § 1091; Civ. Code, § 1624, subd. 4; 12 Cal.Jur. 898, par. 58.)    No facts showing this essential element have been pleaded nor are any alleged showing any assignment by operation of law.

The judgment is affirmed.

Shinn, Acting P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 29, 1947.