## BURROWS MOTOR CO., Inc. v. DAVIS.
### No. 945.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 18, 1950.

Decided Oct. 24, 1950.

Irving B. Yochelson, Washington, D. C., with whom Solomon Grossberg and Isadore Brill, Washington, D. C., were on the brief, for appellant.

Philip M. Fairbanks, Washington, D. C., with whom Fairbanks, Stafford & Fairbanks, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This is an appeal from a judgment of the trial court awarding possession to the landlord of certain commercial property. The principal question presented is whether the transfer of a portion of a tenant corporation's stock constituted an assignment of its lease and a violation of its covenant not to assign without the lessor's consent.

The lease which plaintiff alleged has been violated was entered into by the plaintiff and John and Mary Burrows, the defendant's assignors, on June 3, 1948, for a period expiring September 14, 1950. By its terms the lessees covenanted to pay a monthly rental of $325, payable in advance on the 15th of each month, it being provided if any monthly payments were not made

164

within five days after coming due the lessee's right of possession would cease. The lessees further covenanted that "It is further understood and agreed that the Lessee will not assign this lease, or any portion of the term of this lease, or sublet the leased premises, or any portion thereof, without the written consent of the Lessor in that behalf first had and obtained, nor shall any subletting or assignment hereof be effected by operation of Law or otherwise than by the written consent of the Lessor first had and obtained." The lease also contained an option to renew for a five-year period commencing September 15, 1950, and ending September 14, 1955, at a rental of $350 a month provided the lessees notified the lessor 90 days prior to September 14, 1950.

Subsequently in 1948 the lease was assigned, with the plaintiff's written consent, to the defendant, Burrows Motor Company, a Maryland corporation, the entire stock of which was held by John and Mary Burrows.

On April 12, 1950, Burrows telephoned the plaintiff and stated that the corporation desired to sell certain of its physical assets and requested that plaintiff consent to an assignment of the lease from Burrows Motor Company to Ralph N. Smith, the prospective purchaser. After several conferences between the various parties, plaintiff informed defendant through her rental agent that if defendant desired to assign the lease she would consent provided the rental were raised to $425 a month. According to plaintiff's testimony, Burrows called plaintiff on April 20 and offered to pay a bonus of $700 if she would consent to the assignment. He stated that if she did not agree to the assignment he was prepared to abandon his efforts to obtain her consent and would transfer the stock of the corporation to Smith. The plaintiff declined the offer of the bonus and has never consented to an assignment to

Smith. On April 21 the corporation exercised its option to renew the lease. On the same date John and Mary Burrows sold a portion of their stock interest in Burrows Motor Company to Smith and his associates. Also, on the same date Burrows resigned as president of the corporation and Smith was elected to replace him. Burrows continued to report at the offices and was consulted about the business in an advisory capacity. The corporation continues in possession of the premises. No evidence was introduced as to the amount of stock interest sold to Smith.

The theory of plaintiff's cause of action, which was adopted by the trial court, was that the transfer of stock to Smith, under the circumstances of this case, constituted a violation of the covenant against assignment. This conclusion was reached on the theory that the sale of part of the stock accomplished in practical effect what the defendant corporation itself could not legally do, that is, a transfer of its lease on the premises of 900 M Street to another without the plaintiff landlord's consent.

■■ We can not agree with this hypothesis. The burden is upon the party claiming a forfeiture to show it.[1] Forfeitures of a leasehold for conditions broken and restrictions upon the right to assign are both looked upon with disfavor.[2]

■ At the time plaintiff consented to the assignment of the lease from Burrows to the defendant corporation it can not be doubted that she must have realized the consequences of her action. Corporations being artificial creatures of the law by their very nature hold certain powers not possessed by individuals. We are asked here to condemn the exercise by stockholders of the right of transfer of stock solely because its exercise achieved a result which could not have been accomplished had an individual been the plaintiff's tenant. This we can not do.

1. Philadelphia, W. & B. R. Co. v. Howard, 13 How. 307, 54 U.S. 307, 14 L.Ed. 157; Capital City Ben. Soc. v. Travers, 55 App.D.C. 214, 4 F.2d 290.

2. Pelikan v. Spheeris, 252 Wis. 562, 32 N.W.2d 220; Chesnut v. Master Laboratories, 148 Neb. 378, 27 N.W.2d 541; Fairbanks v. Power Oil Co. of Ohio, 81 Ohio App. 116, 77 N.E.2d 499; 51 C. J.S., Landlord and Tenant, § 102.

■ Before a corporate entity can be disregarded and the acts and obligations of a corporation can legally be recognized as those of particular persons, or vice versa, it must appear that the corporation is not only controlled by those persons, but also that the separateness of the persons and the corporation has ceased and the facts must be such that an adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice.[3]

Giving plaintiff's proof the greatest possible weight, we find the record totally barren of any proof of fraud or deception. No injustice whatsoever has been done the plaintiff. Plaintiff's failure to secure a $100 a month increase in rentals can scarcely be termed an injustice.

■ Nor can we find that the transaction constituted an assignment by operation of law. "An assignee in law is one in whom the law vests the right, as an executor or administrator."[4] Here there was no assignment at all unless the corporate veil be pierced and this, we have already held, was not justified under the facts of this case.

Plaintiff cites four cases in support of his hypothesis: Weintraub v. Weingart, 98 Cal.App. 690, 277 P. 752; Bedgisoff v. Morgan, 23 Wash.2d 737, 162 P.2d 238, 167 P.2d 422; Frasier v. Witt, 62 Cal.App. 309, 217 P. 114; Gatley v. Shockley, 215 Cal. 604, 12 P.2d 436. We feel it sufficient to say that three of the decisions involved leases solely between individuals (an entirely different matter) while the fourth decision, which does involve a corporation, has a completely distinguishable factual situation. On the other hand, in Ser-Bye Corp. v. C. P. & G. Markets, 78 Cal.App. 2d 915, 179 P.2d 342, the California court of appeals held on facts closely analogous to those before us that plaintiff failed to state a cause of action.

A second point also merits discussion. Plaintiff's complaint alleged, as one of the grounds on which possession was sought, defendant's failure to pay rent from April 15 to May 15, 1950. Plaintiff's witness testified that a rent check, dated April 21, for the rent due April 15 was received by plaintiff's agent on April 24. Accepting this date as the legal date of receipt and subtracting therefrom the five-day grace period provided for in the lease, the defendant corporation was four days overdue in the payment of its rent.

■ It is well established that as a general rule equity will relieve against a forfeiture caused by nonpayment of rent unless it is unjust or inequitable to do so,[5] the only condition precedent to such relief being the tender or payment of the arrears with accrued interest.[6] This rule is based upon the theory that such forfeitures are intended merely as a security for the payment of money and are not intended to enable the landlord to obtain undue advantage of the tenant.[7] We are clear that the tenant was entitled to avoid a forfeiture by the tender which was made.[8]

Reversed.

3. Majestic Co. v. Orpheum Circuit, 8 Cir., 21 F.2d 720; 1 Fletcher Cyclopedia Corporations, § 41, p. 141; 18 C.J.S., Corporations, § 7(b).

4. 4 Words and Phrases, Assignee, p. 487.

5. United States v. Forness, 2 Cir., 125 F. 2d 928, certiorari denied 316 U.S. 694, 62 S.Ct. 1293, 86 L.Ed. 1764; Pomeroy, Equity Juris. (5th Ed.) § 453; 30 C.J. S., Equity, § 56(b); 32 Am.Jur., Landlord and Tenant, § 894; Anno. 16 A.L.R. 437, 24 A.L.R. 724, 56 A.L.R. 800. The two cases, Edwards v. Totten, 48 App.D.C. 416, and Davidge v. Simmons, 49 App.D. C. 398, 266 F. 1018, cited by appellee as contra authority, are distinguishable.

6. Sheets v. Selden, 7 Wall. 416, 19 L.Ed. 166; Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144.

7. Pomeroy, Equity Juris. (5th Ed.) § 453.

8. Ser-Bye Corp. v. C. P. & G. Markets, 78 Cal.App.2d 915, 179 P.2d 342; Posner v. Air Brakes & Equipment Corporation, 2 N.J.Super. 187, 62 A.2d 711; cf. Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144.