[Civ. No. 46175. Second Dist., Div. Two. May 28, 1976.]

LINDA LOCKWOOD BASS, Plaintiff and Appellant, v.
GREAT WESTERN SAVINGS AND LOAN ASSOCIATION,
Defendant and Respondent.

**Counsel**

Linda Lockwood Bass, in pro. per., Allred & Maroko, Allred, Maroko & Goldberg and Michael Maroko for Plaintiff and Appellant.

Plotkin & Saltzburg and Paul M. Hittelman for Defendant and Respondent.

**Opinion**

**ROTH, P. J.**—In the second cause of action[1] of her complaint against Great Western Savings and Loan Association (respondent), appellant, Linda Bass, alleges that she was one of nine sale persons concurrently working in the same capacity for respondent (the other eight being men). The eight men received a monthly advance of $800 against their

---

[1]The first cause of action was settled and is irrelevant to the issue herein discussed.

commissions but she received $700 a month and " . . . as a consequence . . . defendant has wrongfully discriminated against [her] as a woman and has violated the equal protection clause of the 14th Amendment to the U. S. Constitution and the laws of the State of California; [and] by reason of such discrimination . . . she has been damaged in the sum of ONE MILLION DOLLARS."

The Legislature, recognizing the necessity " . . . to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgement on account of race, religious creed, color, national origin, ancestry, . . . or sex" (Lab. Code, § 1411) enacted the Fair Employment Practice Act (§ 1410 et seq.) and established the Fair Employment Practice Commission to receive, investigate, and pass upon complaints alleging discrimination in employment. (Lab. Code, § 1419, subd. (f).) Section 1420, subdivision (a), makes it unlawful to discriminate because of sex in compensation or in terms, conditions, or privileges of employment; section 1422 allows for the filing of complaints alleging unlawful practices; and section 1423 requires an investigation by the commission after the filing of any complaint alleging facts sufficient to constitute a violation of section 1420. Thus an administrative remedy as defined by *Hollon* v. *Pierce* (1967) 257 Cal.App.2d 468 [64 Cal.Rptr. 808], is provided.

█ The primary point raised and argued in the trial court was that appellant failed to exhaust the administrative remedies provided by the Fair Employment Practice Act as required by *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280 [109 P.2d 942, 132 A.L.R. 715]. Respondent's motion for judgment on the pleadings was granted and a judgment of dismissal entered.

The Labor Code however in section 1197.5 provides a comprehensive plan for processing and resolving complaints of sex discrimination independent of the Fair Employment Practice Act which permits a direct civil action.

Section 1197.5 of the Labor Code in pertinent part provides: "(a) No employer shall pay any individual in his employ at wage rates less than the rates paid to employees of the opposite sex in the same establishment for the same quantity and quality of the same classification of work . . . ."

This statute, like those under the Fair Employment Practice Act, comes under the auspices of a particular administrative agency, the

Industrial Welfare Commission. However, section 1197.5 is critically distinguishable in that it specifically entitles the aggrieved employee to bring a civil action as an alternative to proceeding through the Industrial Welfare Commission. Section 1197.5 provides in its subdivisions in pertinent part as follows:

"(g) Any employee receiving less than the wage to which he is entitled under this section may recover in a civil action the balance of such wages, together with the costs of suit, notwithstanding any agreement to work for a lesser wage.

"(h) The burden of proof in any civil action shall be upon the person bringing the claim to establish that the differentiation in rate of pay is based upon the factor of sex and not upon other differences, factor or factors.

"(i) A civil action to recover wages under subdivision (a) of this section may be commenced no later than two years after the cause of action occurs, if the employee does not have knowledge of such violation, and not later than 180 days after the cause of action occurs if the employee has knowledge of such violation."

Where the statute specifically provides, as section 1197.5 does, that the aggrieved party may pursue either the administrative remedies or independently seek relief through the courts of this state, the exhaustion of remedies is not required. (*City of Susanville* v. *Lee C. Hess Co.* (1955) 45 Cal.2d 684 [290 P.2d 520].)

■ The trial court ruling on a motion for judgment on the pleadings accepts the allegations of a complaint as true precisely as it does when a complaint is subjected to a general demurrer. (*County of San Mateo* v. *Bartole* (1960) 184 Cal.App.2d 422 [7 Cal.Rptr. 569]; *Kachig* v. *Boothe* (1971) 22 Cal.App.3d 626 [99 Cal.Rptr. 393]; *Clark* v. *City of Pasadena* (1951) 102 Cal.App.2d 198 [227 P.2d 306].) And grants such a motion only if essential allegations are missing. (*Ser-Bye Corp.* v. *C. P. & G. Markets* (1947) 78 Cal.App.2d 915 [179 P.2d 342].)

■ Although the second cause of action is not a model of pleading and although patently it seeks to recover sums far in excess of those for which appellant is entitled to bring suit under section 1197.5, it does make a decisive allegation that respondent paid more compensation to its male salesmen who are no more qualified than appellant for

substantially the same work performed by appellant. The action at bench can be treated as one authorized by section 1197.5 of the Labor Code. Appellant should be afforded an opportunity to make such other allegations as may be required to be made by section 1197.5 if paragraph I of the second cause of action by incorporating allegations I, II, and III of the first cause does not adequately meet the terms of section 1197.5.

The judgment is reversed.

Fleming, J., and Compton, J., concurred.

A petition for a rehearing was denied June 22, 1976, and respondent's petition for a hearing by the Supreme Court was denied August 12, 1976.