**In re J.J. MELLON'S, INC., t/a J.J. Mellons, Debtor.**

**Bankruptcy No. 85–00426.**

United States Bankruptcy Court, District of Columbia.

Oct. 3, 1985.

William C. White, Alexandria, Va., U.S. trustee.

Stanley M. Salus, Docter, Docter & Salus, P.C., Washington, D.C., for debtor.

Eugene M. Propper, Lane & Edson, P.C., Washington, D.C., for landlord, D.C. One Associate.

## ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Upon consideration of the Debtor's application for authority to pay administrative rent with a promissory note, the opposition thereto by the Debtor's Landlord, D.C. One Associates, the Debtor's reply, and the Landlord's supplemental opposition, as well as the entire record of this case, it appears that the issue before the Court is whether payment of "administrative rent" under 11 U.S.C. § 365(c)(3) by means of the Debtor's unsecured promissory note rather than by check or cash constitutes substantial compliance with the statutory mandate that the debtor-in-possession "timely perform" all post-petition lease obligations, having in mind the statutory prohibition that "the time for performance shall not be extended beyond" the 60-day period beginning on the date the voluntary petition is filed. 11 U.S.C. § 365(c)(3).

In this case the petition was filed on July 15, 1985. Therefore the 60-day

period expired on September 13, 1985. Three days later the Debtor tendered the promissory note at issue here. The Landlord has made no point about the three-day delay, and this Court has no hesitation in concluding, despite the seemingly inflexible statutory language, that tender three days late constitutes substantial compliance which equity will permit in order to avoid lease forfeiture. The 60-day period is not a statute of limitations. In *Burrows Motor Co. v. Davis*, 76 A.2d 163, 165 (D.C.Mun. App.1950), the predecessor of our highest local court permitted a tenant to remain on the premises though its rent payment was four days overdue beyond the five-day grace period provided in the lease. The court stated:

> It is well established that as a general rule equity will relieve against a forfeiture caused by nonpayment of rent unless it is unjust or inequitable to do so ... We are clear that the tenant was entitled to avoid a forfeiture by the tender which was made.

*See also LJC Corp. v. Boyle*, 768 F.2d 1489, 1492 footnote 3 (U.S.App.D.C.1985), stating:

> Courts have suggested that "within the context of reorganization [a bankruptcy court] has the equitable power to modify [provisions of an assumed lease] if it would benefit the estate and not significantly prejudice the lessor," *In re Easthampton Sand & Gravel Co.*, 25 B.R. 193, 198 (Bankr.E.D.N.Y.1982) (citations omitted) ...

■ Here, however, the tender which was made was not of the rent itself, but of the Debtor's unsecured promissory note. This Court cannot accept such a tender as being in substantial compliance with the statutory directive. Only if the Debtor were to provide the most indubitable equivalent of the rent itself would this Court be persuaded. *See* 11 U.S.C. § 361(3); *In re Murel Holding Co.*, 75 F.2d 941, 942 (2d Cir.1935).

It is conceivable that the Debtor could meet the "indubitable equivalence" test either by providing to the Landlord, with this Court's approval (see 11 U.S.C. § 364(b)), a security interest in American Express Company charge slips not yet credited to the Debtor's bank account, or by some other means.[1]

NOW THEREFORE IT IS ORDERED that the Debtor's application for authority to pay administrative rent with the Debtor's unsecured promissory note is hereby DENIED,

PROVIDED however that the Debtor is hereby granted leave to pay, within five days after entry of this Order, whatever balance may now remain of the full amount which was due on September 13, 1985; and

PROVIDED further that the Debtor may within five days after entry of this Order file an application to substitute for the tendered promissory note something else which is indubitably equivalent to the rent itself, together with a request for expedited, emergency consideration of such application.

---

1. In any event, the Court agrees with the Landlord that the 6% interest rate provided for in the Debtor's note is inadequate and should be raised to 9%.