**CITY OF CORPUS CHRISTI v. CROW et al.**

No. 11713.

Court of Civil Appeals of Texas. San Antonio.

July 9, 1947.

Rehearing Denied Oct. 8, 1947.

Tillman Smith and Tom M. Pogue, both of Corpus Christi, for appellant.

Chas. G. Lyman and Jno. J. Pichinson, both of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by LeRoy Crow, d/b/a Yellow Cab Company, and C. C. Checker Cab Company, a corporation, against the City of Corpus Christi, Texas, a municipal corporation, seeking a temporary injunction, and on final hearing a permanent injunction, restraining the City of Corpus Christi from collecting any gross receipts tax or license fee or street rental fee, and further restraining the City from enforcing penal, penalty and forfeiture provisions of certain city ordinances of the City and for a declaratory judgment, declaring certain provisions of these ordinances, relating to the collection of gross receipts tax or license fee or street rental fee, to be invalid.

Plaintiffs also sought to recover certain fees previously paid to the City in keeping with the provisions of these ordinances.

The trial court first granted a temporary restraining order and after notice, a temporary injunction. The final trial was before the court without the intervention of a jury and resulted in a declaratory judgment decreeing the tax provisions of these ordinances to be invalid and unenforcible, a permanent injunction restrain-

ing the City from attempting to enforce the gross receipts tax or license fee or street rental fee provisions of these ordinances and allowing plaintiff LeRoy Crow, d/b/a Yellow Cab Company, a recovery in the sum of $4,575.30 for fees paid to the City under the provisions of these ordinances, and allowing the C. C. Checker Cab Company a recovery of $1,409.96 for such fees paid by it. From these judgments the City of Corpus Christi has appealed.

The fundamental question here presented is the validity of Sec. 11 of Ordinance No. 1688 of the City of Corpus Christi reading as follows:

"Section 11. Fees. In order to defray a part of the expense necessary to provide surveillance, supervision and inspection of taxicabs, provide license tags, record books and enforce the provisions of this ordinance, a license and inspection fee of Forty-eight Dollars ($48.00) per annum for each vehicle shall be paid by the person to whom a license is issued and at least the first quarter of such fee shall be collected by the Assessor and Collector of taxes at the time of issuance of any license or renewal thereof. Such fee may be paid on a quarterly basis but shall be paid in advance for each quarter year on or before the date of expiration of the expiring quarter. If a license is granted during a current quarter year the fee shall be made pro rata for the balance of the current quarter of the year. All amounts received as fees under the provisions of this ordinance shall be deposited and kept in the 'General Funds' of the City and applied to the payment of expenses of the Police and Traffic Departments."

And Section 2 of the franchise ordinance, reading as follows:

"Section 2. During the operation of said taxicab or taxicabs over and upon the public streets, alleys and thoroughfares of the City of Corpus Christi, under the terms of this franchise and for the period of this franchise, the owner thereof shall pay to the City of Corpus Christi, Texas, at the office of the Tax Assessor-Collector, in lawful money of the United States, two and four-tenths (2.4%) per cent of the gross re-

ceipts measured by the total fares collected and other income derived from the operation of the taxicab service, which said remittance shall be made monthly on or before the 15th day of each calendar month for the preceding calendar month. Provided, however, that the Grantee shall pay a minimum gross receipts tax hereunder equal to $25.00 per permit allowed for the period of May 1, 1946 to July 31, 1946, and thereafter beginning August 1, 1946, pay a minimum gross receipt tax equal to $100.00 per permit allowed for each year during the life of this franchise. Such minimum gross receipts tax payments shall be paid in advance for each period. It is understood that this provision shall not be construed so as to affect or prevent any forfeiture of permits for non-user or otherwise, as is now, or may in the future be provided for by City Ordinance. The compensation provided for in this Section shall be in lieu of any other fees or charges imposed by any other ordinance now in force during the life hereof, but shall not release the Grantee from the payment of ad valorem taxes levied, or to be levied on property it owns, nor is the city prohibited hereby from collecting the fees for chauffeurs licenses as provided in the taxicab ordinances as it now exists, or such like fees as may in the future be provided by ordinance." There is a similar provision in the ordinance granting a franchise to C. C. Checker Cab Company.

The validity of these sections of the City ordinances are challenged as being in conflict with the provisions of Art. 6698, Vernon's Ann.Civ.Stats., which reads as follows:

"Article 6698. Municipal regulation. The certificate of registration and numbering for purposes of identification, and the fees herein provided for shall be in lieu of all other similar registrations heretofore required by any county, municipality or other political subdivision of this State, and no such registration fees or other like burdens shall be required of any owner of any motor vehicle or motorcycle by any county, municipality or other sub-division of the State. This provision shall not affect the right of incorporated cities and

towns to license and regulate the use of motor vehicles for hire in such corporation. Nothing herein shall in anywise authorize or empower any county or incorporated city or town in this State to levy and collect any occupation tax or license fees on motorcycles, motor vehicles or motor trucks."

We think that the holdings made by the Supreme Court in Payne v. Massey, 196 S.W.2d 493, 496, settle this question. There it is said:

"It is clear from the provisions of the ordinance that it proposes to collect a license fee for the privilege of operating taxicabs upon the streets of Houston. One of the penalties for the non-payment of the fee is the forfeiture of the privilege of using the streets. The fact that it is denominated a rental charge does not militate against its true character as a license fee. It is no more or less than a privilege tax of the same character as that exacted by the state. Consequently, the city is attempting to invade the field which under Article 6698 is pre-empted and restricted to the state. City of Corpus Christi v. Texas Driverless Co., supra [144 Tex. 288, 190 S.W.2d 484]. The only lawful charge that may be made for the use of the streets by taxicabs is the license fee collected by the sovereignty. Any fee or 'other like burdens' for such license in addition thereto is expressly forbidden by Article 6698. Therefore, that portion of the ordinance assessing the street rental charge, and penalizing those who fail to pay it, is invalid and subject to the injunctive relief sought. The other portions of the ordinance are apparently enforceable, even to the extent that the city may reasonably, but not arbitrarily, refuse to issue a license for the use of the streets by taxicabs. We merely hold that the city may not lawfully charge a fee for any license issued by it nor penalize in any manner those who refuse to pay the fee."

■ The gross receipts tax attempted to be levied by the City of Corpus Christi clearly comes under the heading "other like burdens" referred to by the Supreme Court as being prohibited by Art. 6698.

It might be well to here state that the 50th Legislature, C. 302, has amended Art. 6698, by the passage of S.B. 217, which becomes effective September, 1947, allowing cities to levy and collect just such a tax as is herein involved up to 2% of the gross receipts of a cab company.

■■ This brings us to a consideration of whether or not appellees should be permitted to recover the amount of these taxes they have already paid to the City. The rule relating to such matters is rather simple, if the taxes were paid under duress they may be recovered, otherwise not. The only difficulty is in determining when taxes are paid under duress. Here the Cab Companies paid these taxes without any notice of protest to the City and no doubt the City has received this money and paid it out for expenses of the city government. Our declaratory judgment law was in full force and effect at the time these taxes were paid. Art. 2524—1, Vernon's Ann.Civ.Stats. A suit for a declaratory judgment with reference to the validity of such tax, together with a request for an injunction to prevent the city from exercising and enforcing the penal, penalty or forfeiture provisions of the ordinance pending a final hearing, would have furnished appellees an adequate remedy at law. Oakley v. Kent, Tex.Civ. App., 181 S.W.2d 919; Anderson, Declaratory Judgments, p. 668, § 268. It appears that appellees are here using the exact remedy above pointed out. We see no reason why they should not have used it some two years previously, instead of waiting until after they had paid large sums of money to the City. Appellees failed to show that they paid these taxes under duress and should not now be permitted to recover the same.

The judgment will be reformed to provide that no recovery be had by appellees for taxes theretofore paid to the City of Corpus Christi, and as thus reformed the judgment is affirmed.