**BOONE et al. v. CITY OF TYLER.**

No. 6356.

Court of Civil Appeals of Texas. Texarkana.
April 28, 1948.

Rehearing Denied May 20, 1948.

Pollard, Lawrence, Blackburn, Reeves & Jarrel, of Tyler, for appellants.

Smith & Smith, of Tyler, for appellee.

WILLIAMS, Justice.

Appellee, the City of Tyler, Texas, a municipal corporation, the defendant be-low, enacted in 1943 an ordinance, the caption of which reads:

"An ordinance providing for the payment of a gross receipts tax for the privilege of operating taxicabs in the City of Tyler, Texas, and declaring an emergency."

Under this ordinance the city required the operators of taxicabs to whom licenses may be granted to operate such service to pay the city 2% of the gross receipts derived from the operation of taxicab service within or originating within the city, payable monthly on or before the 15th of each calendar month for the preceding month. Other ordinances enacted years prior thereto provided for the issuance of a license and otherwise regulated the operations of taxicabs in the city.

Appellants, L. F. Boone and associates, who were granted a license to and who operated a fleet of taxicabs as Red Top, Yellow Top and White Top Taxi Company within the corporate limits of the city, seek to recover back from the city the 2% gross receipts tax in the amount of $4,156.-46 so paid by them between January 31, 1945, and January 31, 1947, the date this suit was filed, and the further sum of $2,-065.92 so paid prior to January 31, 1945, by virtue of the city's requirement under above ordinance. In a cross action the city sought recovery for the 2% gross receipts tax covering certain months immediately prior to this suit which plaintiffs had refused to pay. In a trial to the court, both plaintiffs and defendant were denied a recovery to which both excepted and gave notice of appeal. The record is before us without findings of fact and conclusions of law, none being requested by litigants.

The holding in the City of Corpus Christi v. Crow, Tex.Civ.App., 204 S.W.2d 678, citing Payne v. Massey, 196 S.W.2d 493, an opinion by the Supreme Court, definitely sustains appellants' contention that above ordinance is invalid and the city was without legal authority to exact such a tax during the period here involved. "We are in accord with the holding of the Court of Civil Appeals that the sections of the ordinance requiring collection of a gross receipts tax * * * are invalid."

762

See Crow et al. v. City of Corpus Christi, 209 S.W.2d 922, 924, an opinion by the Supreme Court, which expressly approves the holding on its invalidity in 204 S.W.2d 678.

The ordinance here involved further provided:

"If any firm, person, corporation or association of persons operating taxicabs within the City of Tyler shall fail or refuse to file such verified statement of receipts or to pay the gross receipts tax levied thereon at the time and in the manner hereinbefore provided or shall file any false statement of receipts, the same shall ipso facto work a forfeiture of the right of any such person, firm, corporation, or association of persons to operate taxicabs within said city.

■ Appellants claim that they paid this 2% gross receipts tax called for in the ordinance because they were afraid not to pay it and of the possibility of the city denying them the right to operate this business if they didn't pay it. The city asserts that this claim of appellants that they paid the tax under duress is untenable and is foreclosed by the facts that the city did not attempt to cancel their permit to operate the taxis when they were late on several occasions from two to three days after the 15th of the month; plaintiffs knew of the ordinance at the time they entered into the business and applied to the city for authority to operate same; and notwithstanding they had been advised that the city had no lawful right to collect the tax they continued to pay the tax monthly, and they filed no suit to test the right of the city to collect the tax until after they had ceased to operate the business, when the present suit was filed. Substantially the same contentions were urged as a defense to the recovery of a gross receipts tax and disposed of adversely to the city's contention as here urged in the opinion in the case of Crow et al. v. City of Corpus Christi, supra, by our Supreme Court. Upon the strength of that opinion and the decision therein discussed, appellants were not foreclosed to recover the taxes so illegally paid.

■ The two years' statute of limitation urged as a bar to appellants' recovery for taxes paid prior to February 1, 1945, in the sum of $2,065.92 is sustained.

By reason of the conclusions above expressed the cross assignment of appellee is overruled, and the judgment of the trial court is reversed and here rendered that appellants recover judgment over and against the City of Tyler, Texas, a municipal corporation, in the sum of $4,151.46, the amount of gross receipts tax so paid by appellants to the City of Tyler within the two years period, prior to filing suit.

Affirmed in part and reversed and rendered in part.