## CAPITAL CITY BEN. SOC. v. TRAVERS.

(Court of Appeals of District of Columbia. Submitted February 4, 1925. Decided March 2, 1925.)

No. 4106.

1. **Insurance ⬚228—Policy held to sufficiently provide for cancellation in event of default and for reinstatement only at discretion of insurer.**

Insurance policy providing that, if default be made in payment of assessments and reinstatement of member be made, benefits should be suspended until lapse of 30 days from date of reinstatement, and that reinstatement of defaulting member was matter for election of board, *held* to sufficiently provide for cancellation of policy in event of default, and for reinstatement only at discretion of company.

2. **Contracts ⬚318—Forfeiture will not be enforced by court, except where clearly provided for in instrument in question.**

Courts are slow to enforce forfeitures, and do so only when clearly provided for in instrument in question.

3. **Insurance ⬚353(1) — Attempted cancellation for nonpayment of assessment held illegal.**

Where policy provided for payment of assessments only after "call" by insurer, notice of which should be given by mail to insured, *held,* attempted cancellation of policy for nonpayment of assessment was illegal, in absence of any proof of "call" or notice to insured, or of waiver by him of such requirements.

4. **Insurance ⬚228—Cancellation of policy can only be executed on strict compliance with terms of policy.**

Cancellation of policy can only be executed on strict compliance with terms of policy.

5. **Insurance ⬚237—Measure of damages for insurer's wrongful cancellation of policy stated.**

Measure of damages for insurer's wrongful cancellation of policy, where insured has died since cancellation, *held* to be amount of death benefit, plus interest from date of cancellation, less unpaid assessments due at time of cancellation, without deduction for benefits previously received.

6. **Costs ⬚32(3) — Absence of tender of amount found to be due held to render appellant liable for costs, though amount of recovery reduced on appeal.**

Insurer, appealing from adverse judgment in action for damages for illegal cancellation of policy, though successful in reducing amount of recovery, is liable for costs of appeal, in absence of prior tender of amount held to be due.

In Error to Municipal Court of District of Columbia.

Suit by George W. Frazier, against the Capital City Benefit Society, prosecuted by Edna Travers, plaintiff's administratrix, after his death. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

P. B. Cromelin, W. A. Coombe, H. A. Heitmuller, and B. J. Laws, all of Washington, D. C., for plaintiff in error.

R. A. Cusick, of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This case was begun in the municipal court by George W. Frazier in his lifetime to recover damages from the Capital City Benefit Society, a mutual insurance company, because of the cancellation by the latter of a certain policy of insurance, issued by the company to plaintiff as the insured. A trial was had, resulting in a judgment for the plaintiff, which is now before this court for review.

On May 1, 1896, Frazier signed a written application for a policy with the company, paying an entrance fee of $2 and agreeing to pay assessments of 65 cents each at the office of the company within 30 days "from date of call." The company reserved the "right to make extra assessments as may be necessary." The weekly sick benefits applied for were $3, the death benefits $50. The applicant was to notify the company immediately at its office of any change of residence or post office address, and stipulated that "the mailing of a notice

of assessment to me at my address last given shall be a valid notice"; also agreeing to make prompt payment of all assessments levied upon him in accordance with the application, or, failing to do so, to relinquish all claims for benefits.

A policy was issued by the company upon this application, with weekly benefits accordingly of $3 for certain disabilities, and death benefits of $50. The "agreements, representations, and conditions" contained in the application were made by reference a part of the policy. It was likewise stipulated in the policy that the insured should pay assessments of 65 cents each, "to be payable within 30 days from the date of call, at the office of the society," and that "the society reserved the right to make such extra assessments as may be necessary." The policy contained also the following provisions, to wit: "And it is further provided that if default be made in the payment of said assessments, and reinstatement of said member be made by the payment of all assessments due, all benefits hereunder shall be suspended until the lapse of 30 days from the date of the reinstatement: Provided, always, that the reinstatement of a defaulting member is a matter for the election of the board."

The policy was continued in force until the month of July, 1923, when the company notified Frazier that it was lapsed because he was more than 30 days in arrears in the payment of assessments, and that the company had refused to reinstate him as a member. The plaintiff thereupon brought this action against the company, claiming that the attempted cancellation of the policy was illegal, and that he was entitled to a recovery of all the payments which he had made to the company upon the policy. The lower court sustained this contention, and accordingly entered judgment against the company in the sum of $230.60.

Three questions now arise upon the record: First, do the provisions of the policy sufficiently provide for a cancellation in event of the insured's default in the payment of the assessments when due? Second, was the insured actually in default under the terms of the policy when the company cancelled it? Third, what rule of damages is applicable in case of a recovery by the plaintiff?

[1, 2] We answer the first question in the affirmative. It is true that the courts are slow to enforce forfeitures, and do so only when they are clearly provided for in the instrument in question. But we think that the provisions above copied from the policy

unmistakably expresses an agreement that, in case default be made in the payment of the assessments, the policy should require "reinstatement" by the company before it would be valid, and that the company might exercise an "election" in respect to reinstating the defaulting member; in other words, the company might refuse to reinstate him, in which event its obligations under the policy would cease. The provision just referred to bears no reasonable interpretation, except that the policy lapses in case of such a default, and can only be restored by the company at its discretion. McElhone v. Benefit Association, 2 App. D. C. 397, 401, 402; Klein v. Insurance Co., 104 U. S. 88, 91, 26 L. Ed. 662.

[3, 4] The second question we answer in the negative. The policy specifically provides that the assessments shall be payable within 30 days from the date of call, and the application stipulates that the mailing of a notice of assessment sent to the insured at the post office address last given shall be valid notice. The record contains no proof of a "call" made by the company for the assessments now in question, nor of any notice mailed to the insured as provided in the application, nor of any sufficient waiver by the insured of these requirements. The attempted cancellation therefore was illegal, for this could not be effected, except upon a strict compliance with the terms of the policy. 25 Cyc. 821; Nederland Life Ins. Co. v. Meinert, 127 F. 651, 62 C. C. A. 377.

[5] Coming next to the question of damages, it is manifest that the rule followed by the lower court was erroneous. Mutual Association v. Ferrenbach, 144 F. 342, 75 C. C. A. 304, 7 L. R. A. (N. S.) 1163. The insured had received the benefits of the policy from the year 1896, when it was issued, until the year 1923, when it was wrongfully canceled. Accordingly he lost only the value of the policy at the time of the cancellation. In the present case this may be accurately computed, for the insured has since died. The value of the policy, therefore, was $50, together with interest from the date of cancellation, less the unpaid assessments due thereon at the time of cancellation, without deduction because of any benefits which had been received at any time by the insured.

The Supreme Court of the United States, in the case of Lovell v. St. Louis Mutual Life Ins. Co., 111 U. S. 264, 274, 275, 4 S. Ct. 390, 395 (28 L. Ed. 423), lays down the rule as follows: "The question remains as to what is justly due to the complainant in this case, by reason of the contract being ter-

minated by the act of the company. He demands a return of all the premiums paid by him, with interest, less the amount of his premium note, and that said note shall be delivered up to be canceled. But we do not think that he is entitled to a return of the full amount of his premiums paid. He had the benefit of insurance upon his life for five years, and the value of that insurance should be deducted from the aggregate amount of his payments; in other words, the amount to which the complainant is entitled is what is called and known in the life insurance business as the value of his policy at the time it was surrendered, with interest, less the amount of his premium note, which should be surrendered and canceled."

The foregoing considerations appear to us to be controlling in the case, we make no mention, therefore, of the right reserved by the company to pay the sum of $50 to the insured as a full acquittance, in case of his permanent disability. This course was not taken by the company, and cannot enter into the present discussion.

[6] The judgment of the municipal court is reversed, with costs assessed against the appellant, since no tender was made by it of the amount due, and the cause is remanded for further proceedings not inconsistent with this opinion.