STATE *v.* DABNEY.

Opinion delivered April 16, 1928.

AUTOMOBILES—TAX ON CARRIER OF PASSENGERS.—One who rents or hires to individuals applying therefor automobiles to be operated by the hirer at his own risk and discretion was neither a private nor a public carrier of passengers, nor engaged in the business of using motor vehicles for transportation of passengers for hire, within the meaning of the Acts Sp. Sess. 1923, pp. 55,. 59, § 36, requiring payment of a tax in addition to registration fees.

Appeal from Pulaski Circuit Court, First Division; *Abner McGehee,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellant.

*Martin K. Fulk,* for appellee.

KIRBY, J. This appeal necessitates the construction of § 36(d). of act 5, Special Acts of 1923 (Castle's Supplement to Crawford & Moses' Digest, § 5166). Information was filed against appellee charging him with operating motor vehicles for hire without the payment of license fee required under said section. The case was tried on an agreed statement of facts, which the court held insufficient to support a conviction, and dismissed the cause, from which the State has prosecuted this appeal.

The appellee, George Dabney, operates a business in the city of Little Rock under the style or name of "Drive-It Yourself Company." He owns 23 automobiles, all passenger cars, including coupes, sedans and touring cars. He conducts his business by leasing them to the customers, who come to his garage where they are kept, under a contract in printed form, the customer himself being in exclusive control of the car during its operation. He does not have in his employ any drivers or chauffeurs, does not drive the leased cars himself, nor operate a jitney, taxicab line, or motor bus business. A certain price is charged for the leased car, which is used by the bailee at his own discretion, and the rental charged is the same whether the customer alone occupies

the car or whether he carries other persons with him. Virtually all the cars rented are used exclusively within the limits of the city of Little Rock. Appellee refused to pay the license fee required under said section of the statute.

The statute provides, § 36:

"(d) In addition to the registration fees herein provided for all motor vehicles, when such vehicles are used for the transportation or delivery of persons for hire, there shall be paid two dollars and fifty cents ($2.50) for each passenger-carrying capacity. * * *

"(m) Each of the fees herein authorized is declared to be a tax on the privilege of using the vehicle on the public roads and highways of the State of Arkansas."

Subdivision (n) of § 36 declares it a misdemeanor for any person to operate or permit the operation of a vehicle without having paid the required fee.

The classification is made herein for charging an additional fee for motor vehicles "when such vehicles are used for the transportation or delivery of persons for hire" according to the carrying capacity of the vehicle.

The undisputed testimony shows that the appellee was not engaged in the business of operating a jitney, taxicab or motorbus line, but only in renting or hiring to individuals, who applied therefor, cars of different styles and sizes, to be operated by the hirer at his own risk and discretion. Such operation of such business did not constitute appellee either a private or public carrier of passengers or his business the using of motor vehicles for the transportation or delivery of persons or passengers for hire within the meaning of the act. He was not a carrier of passengers at all, nor liable to the payment of the additional tax required under § 36 (d) of the act. *Forbes* v. *Reinman,* 112 Ark. 417, 166 S. W. 563, 51 L. R. A. (N. S.) 1164; *Locke* v. *Ft. Smith,* 155 Ark. 158, 244 S. W. 11; *Winfrey* v. *State,* 133 Ark. 357, 202 S. W. 23; *State* v. *Bee Hive Auto Service Co.,* 137 Wash.

376, 242 Pac. 384; *State* v. *Robinson,* 42 Minn. 107, 43 N.
W. 833, 6 L. R. A. 339; *Burlington* v. *Unterkircher,* 99
Iowa 401, 68 N. W. 795; *Rathborn* v. *Ocean Accident
Guaranty Ass'n.,* 299 Ill. 562, 132 N. E. 754, 19 A. L. R.
140; *Booth* v. *Dallas, Texas* (Tex. Civ. App.), 179 S. W.
301, 4 R. C. L. 549.

No error was committed in so holding, and the judg-
ment is affirmed.