No. 12,038.

Armstrong *v.* Denver Saunders System Company, et al.

Decided June 4, 1928.

Mr. William L. Boatright, Attorney General, Mr. Ralph L. Carr, Assistant, for plaintiff in error.

Messrs. Blount, Silverstein & Rosner, Mr. Lowell White, for defendants in error.

*En Banc.*

Mr. Chief Justice Denison delivered the opinion of the court.

Defendants in error, plaintiffs below, brought mandamus to compel Armstrong, secretary of state, to issue licenses to them for their automobiles upon payment of all fees except those required by S. L. 1927, chapter 135. A demurrer to the complaint was overruled, the defendant elected to stand, the writ was made permanent and he brings error.

The pertinent part of the statute in question is as follows: "That there shall be paid, in addition to the fees now required by law, for the registration or re-registration of motor vehicles *used in the transportation of passengers for hire* operated upon the public highways of this state, except such as are operating under the Motor Vehicle Public Carrier Act, known as House Bill No. 430 of the 26th General Assembly, an annual registration license fee of five dollars ($5.00) for each passenger seat in such vehicles at rated carrying capacity."

The complaint shows that plaintiffs keep automobiles for rent to persons who themselves drive them, and these are the cars which the defendant seeks to charge with this additional tax or license fee. The contract with

every customer includes an agreement by him not to use the car "as a private or public carrier of passengers for hire." We think the plaintiffs' cars are not within the scope of the statute.

The ordinary meaning of the word passenger is "a traveler by some established conveyance." Webster. The plaintiffs' customers are bailees, not, in any ordinary use of the word, passengers; if they carry others in the rented cars it is not for hire and they are not subject to the tax. It follows that it was the duty of the secretary to issue the license as prayed and the mandate was right.

The Attorney General invokes the familiar rule that statutes should be construed according to the spirit and intent, not the letter, that the spirit and intent of the part of the statute in question which we have quoted is to tax all automobiles used for hire except freight trucks, that this is shown by reading it with the rest of the act, and that therefore we ought to say that plaintiffs' cars are within its purview; but this would require us to say that one who drives a car himself is a passenger and that if he hires the car he is a passenger transported for hire; or that whoever the driver of a hired car takes with him is a passenger for hire. The language will not bear such construction. *State v. Dabney* (Ark.) 5 S. W. (2d) 304.

The flaw in the defendant's reasoning is that it does not appear from the rest of the act that it was intended to tax all automobiles used for hire except freight trucks. The provision in one part that freight trucks are to be taxed affords no presumption that words in another part used in reference to other automobiles should be extended beyond their ordinary scope, nor can we assume an intent and wrench the words to meet it. *U. S. v. Colorado & N. W. R. Co.*, 157 Fed. 321, 332.

It is suggested that the words "used in the transportation of passengers for hire" should be read "used, in the transportation of passengers, for hire" so as to mean "used for hire in the transportation of passengers" and

"passengers" should be interpreted as "human beings" because this clause would then be more accurately correlative to the previous clause in respect to motor trucks and trailers "operated (for hire)* upon the public highways of this state." We do not think this argument sound, because (1) the ordinary and obvious construction of "used in the transportation of passengers for hire" is that "for hire" qualifies the words "transportation of passengers," and (2) the clauses would be still and more accurately correlative if we say "transportation for hire," rather than "used for hire," because it seems clear that in the first clause the phrase "operated for hire" could not include a truck or trailer rented to one who was to use it in his own work. The lessor of an automobile is not operating it any more than the lessor of a farm is cultivating it or the lessor of a horse is driving it. The whole statute thus becomes clear and consistent, and the result is that carriers of freight or passengers are taxed but lessors of vehicles are not.

The last words of that part of the act which we have quoted confirm the above conclusions. "$5.00 for each passenger seat in such vehicles at rated carrying capacity." It seems at least probable that these words were not intended to apply to leased machines which do not carry passengers, but are even forbidden to do so by the contract of lease. *State v. Bee Hive Auto Service Co.,* 137 Wash. 372, 242 Pac. 384.

It is suggested that the purpose and spirit of the act are to regulate the highways and provide for their maintenance and that a rented motor truck wears the road as much as one operated for hire and so should be regarded as taxed by the act. The answer is: So does every truck; yet no one claims that the act covers a machine driven by the owner about his own business.

We see no reason to believe that if the legislature had intended the meaning for which plaintiff in error con-

---

* The words "for hire" are inserted, in effect, by our decision in *Armstrong v. Crissey, etc., Co.,* 83 Colo. 105, 262 Pac. 926.

142

tends they would not have expressed it more clearly. Be this as it may the suggested construction is at least doubtful and the doubt is always resolved against the tax.

This conclusion makes unnecessary the consideration of the other points raised in argument.

The judgment is affirmed.

MR. JUSTICE BURKE, MR. JUSTICE CAMPBELL and MR. JUSTICE ADAMS dissent.