CITY OF CORPUS CHRISTI V. TEXAS DRIVERLESS COMPANY ET AL.

No. A-619. Decided November 21, 1945.
(190 S. W., 2d Series, 484.)

*Hodge Thompson,* City Attorney, of Corpus Christi, for petitioner.

It was error for the Court of Civil Appeals to hold that Section 10 of the Driverless Automobile Ordinance requiring indemnity insurance or cash security to protect the public against negligence in the operation of the driverless cars, was invalid. Craddock v. City of San Antonio, 198 S. W. 634; Besteiro v. City of San Antonio, 209 S. W. 472; Gill v. City of Dallas, 209 S. W. 209.

*Ward & Brown,* of Corpus Christ, for respondents.

The ordinance requiring the operators of automobiles for hire to furnish indemnity insurance is valid. Genusa v. City of Houston, 10 S. W. (2d) 772; City of Dallas v. City Packing Co., 86 S. W. (2d) 60; Longhorn Drilling Corporation v. Padilla, 138 S. W. (2d) 164.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

The City of Corpus Christi contends that the Court of Civil Appeals erred (1) in holding invalid a provision of a city ordinance requiring in substance that those engaged in the business of renting "driverless automobiles" pay a license and inspection fee of $20.00 per automobile per year, the receipts to be expended in regulating the business so taxed; and (2) in holding invalid another provision of the ordinance which in effect requires those engaging in the business of renting "driverless automobiles" to post with the city an indemnity policy or cash or securities in lieu of one, "* * * insuring the public against any loss or damage that may result to any person or property from the operation of such vehicle or vehicles, with unsafe brakes or otherwise defective, or negligence of the owner or any person driving such vehicle * * *." 187 S. W. (2d) 607.

◼ As to the first contention, the exclusive right to levy license fees on motor vehicles was pre-empted to the State in 1917, when the legislature enacted what is now Article 6698, Revised Statutes. This article has been authoritatively construed to have that effect. A B C Storage & Moving Co. v. City of Houston (Tex. Civ. App.), 269 S. W. 882 (writ refused); Ball v. City of McKinney (Tex. Civ. App.), 286 S. W. 341 (writ refused); City of Waco v. Grimes (Tex. Civ. App.), 288 S. W. 1113 (writ refused); and Doeppenschmidt v. City of New Braunfels (Tex. Civ. App.), 289 S. W. 425 (writ refused). The Court of Civil Appeals correctly concluded that the attempted levy by the city of a license and inspection fee on the "driverless automobile" business was invalid. Accordingly, this contention is overruled.

■ But we conclude that the city's second contention must be sustained The portion of the ordinance here attacked first requires those engaged in the business of renting "driverless automobiles" to the public to post a policy, or cash or securities in lieu of it, for the benefit of persons who may suffer injury because of the defective condition of the rented machines. It is settled that the owner himself may in a proper case be held in damages for injuries proximately resulting from this type of negligence. Russell Construction Co. v. Ponder, 143 Texas 412, 186 S. W. (2d) 233 and cases there cited. Nor is there any doubt that under powers granted by Article 1175, Revised Statutes, a city such as Corpus Christi may require the owners of motor vehicles operated for hire on the city's streets to post bond or other assurance for the payment of losses proximately resulting from the negligence of themselves or their agents. Greene v. City of San Antonio (Tex. Civ. App.), 179 S. W. 6 (writ refused) ; City of Dallas v. Gill (Tex. Civ. App.), 199 S.W. 1144 (writ refused) ; Ex parte Parr, 82 Texas Cr. Rep. 525, 200 S. W. 404; Ex parte Schutte, 118 Texas Cr. App. 182, 42 S. W. (2d) 252; Fletcher v. Bordelon (Tex. Civ. App.), 56 S. W. (2d) 313 (writ refused) ; Dallas Taxicab Co. v. City of Dallas (Tex. Civ. App.), 68 S. W. (2d) 359. But the ordinance under consideration goes further and requires the posting of an indemnity policy or other assurance to protect the public against the negligence of drivers to whom respondents might rent their machines. The validity of this provision is vigorously assailed. It is ably argued that the measure contravenes Article 1, Revised Statutes, which puts into force the common law of England in so far as it is not inconsistent with the constitution and laws of this State. The point is made that only the legislature is authorized to change the common law and since no statute has undertaken to make one liable for the torts of another who is not his agent, a city may not so provide.

The city cites respectable authority to the effect that by delegating to municipalities the power to control their streets and to license persons doing business on them for a profit, the legislature has in effect repealed so much of the common law as is inconsistent with any reasonable regulations the cities may make under this power. City of Dallas v. Gill, supra; Fletcher v. Bordelon, supra. But this principle need not be invoked here, since the questioned ordinance has not at all undertaken to enlarge the common law liability of the owners of rented automobiles. No provision of the measure undertakes to fix upon the lessors personal liability for the torts of their lessees. What the ordinance does require is that lessors such as respondents who do business upon the streets of the city for a

profit give security that their lessees shall respond in damages for the latter's torts. This requirement is a reasonable one. Its promulgation by ordinance has been approved by many writers. Greene v. City of San Antonio, supra; Ex parte Parr, supra; Ex parte Schutte, supra; Fletcher v. Bordelon, supra; Dallas Taxicab Co. v. City of Dallas, supra; Peoples Taxicab Co. v. City of Wichita, 140 Kan. 129, 34 Pac. (2d) 545, 95 A. L. R. 1218, and note at 1224; State v. Healy, 105 Mont. 227, 70 Pac. (2d) 437; Hodge Drive-It-Yourself Co. v. City of Cincinnati, 284 U. S. 335, 52 S. Ct. 144, 76 L. Ed. 323. Also see Parsons v. City of Galveston, 125 Texas 568, 84 S. W. (2d) 996. We conclude that the measure does not offend against the principle asserted by respondents to the effect that a municipality may not, unless pursuant to statutory or constitutional authority, change the provisions of the common law. In reaching a contrary conclusion, the Court of Civil Appeals cited Genusa v. City of Houston (Tex. Civ. Tex.), 10 S. W. (2d) 772, which supports respondents' contention. For the reasons we have stated we are unable to subscribe to the correctness of that holding.

That portion of the judgment of the Court of Civil Appeals which restrains the city from requiring the deposit of indemnity policies or securities in lieu of the policies, as provded in Secton 10 of the ordinance involved, is reversed. Otherwise its judgment is affirmed.

Opinion delivered November 21, 1945.