**The CITY OF CORPUS CHRISTI, Texas, Appellant,**

v.

**L. C. McCLAUGHERTY, Doing Business Under the Firm Name of Hertz Driv-Ur-Self System, Appellee.**

No. 12873.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 2, 1955.

Rehearing Denied Dec. 7, 1955.

See, also, Tex.Civ.App., 281 S.W.2d 470.

I. M. Singer, City Atty., Ellis M. Brown, J. F. Park, Asst. City Attys., Corpus Christi, for appellant.

Charles G. Lyman, Howard F. Sudduth, Corpus Christi, for appellee.

MURRAY, Chief Justice.

This City of Corpus Christi, Texas, instituted this suit against L. C. McClaugherty, doing business as Hertz Driv-Ur-Self System, seeking to recover sums alleged to be due it under the provisions of Ordinance No. 3258, levying a city permit fee of two per cent of gross receipts against defendant for the privilege of conducting his driverless automobile rental business within the city. The ordinance was at-

928

tacked by defendant as being void, in that such a tax was prohibited by the provisions of Art. 6698, Vernon's Ann.Civ.Stats.

The trial court held Ordinance No. 3258 to be void, as being in conflict with Art. 6698, supra, granted defendant's motion for judgment, and entered judgment that the City take nothing, from which judgment the City of Corpus Christi has prosecuted this appeal.

This appeal presents but one question, Does Art. 6698, Vernon's Ann.Civ.Stats., as amended by Acts of the 50th Legislature in 1947, Chapter 302, page 512, prohibit a city from levying a city permit tax of two per cent of gross receipts against a person engaged within such city in the business of renting driverless automobiles to the public?

Prior to the amendment of Art. 6698, supra, in 1947, the courts had held that a city had the right to license and regulate the driverless automobile business. City of San Antonio v. Besteiro, Tex.Civ.App., 209 S.W. 472; City of Corpus Christi v. Texas Driverless Company, Tex.Civ.App., 187 S.W.2d 607. Apparently, at that time no city had contended that it had a right to levy a city permit tax against a driverless automobile business. However, cities did undertake to levy and collect gross receipt taxes for the privilege of operating taxicabs upon the streets of such cities. Such taxes were held to be prohibited by the provisions of Art. 6698, supra. Payne v. Massey, 145 Tex. 237, 196 S.W.2d 493; Crow v. City of Corpus Christi, 146 Tex. 558, 209 S.W.2d 922.

It will be noted that this amendment repeatedly refers to the operation of motor vehicles transporting passengers for hire. Since this amendment, there can be no question about the authority of a city to levy a city permit tax of two per cent of gross receipts against taxicab companies. Reed v. City of Waco, Tex.Civ.App., 223 S.W.2d 247.

However, the language of the amendment is not broad enough to include the driverless automobile business, which does not transport passengers for hire, but simply rents automobiles to be used by the person renting the same for any purposes which he might see fit.

This exact question has not been decided in this State, but the case of Campbell v. Groh, Tex.Civ.App., 8 S.W.2d 712, 714, has a bearing on the matter. The Court, in holding that automobiles used in a driverless automobile rental business were not motor busses subject to certain taxes, used the following language: "The items upon which assessments are levied for taxes are never left to conjecture, but are definitely defined. These automobiles are used for the purpose of hire to those who wish to use them, without any driver, and for their own use and not in transporting passengers for fares."

There are cases of other jurisdictions which are helpful here. In Armstrong v. Denver Saunders System, 84 Colo. 138, 268 P. 976, 977, it was held that automobiles used in the operation of a driverless automobile business were not included in the phrase, " 'used in the transportation of passengers for hire.' " In People v. Hertz Driveurself Stations, Inc., 338 Mich. 139, 61 N.W.2d 113, 115, the Supreme Court of Michigan held that a truck leased to a party to be driven by his driver and controlled by him was not a truck operated by lessor for "transportation of either persons or property for hire * * *." In State v. Dabney, 179 Ark. 1071, 5 S.W.2d 304, the Supreme Court of Arkansas held that one renting automobiles to be operated by the hirer was not a carrier of passengers within the statutes of that State requiring payment of an additional tax for "transportation or delivery of persons for hire." See also, Harrington v. Cobb, Tex.Civ.App., 185 S.W.2d 133, affirmed by the Supreme Court of Texas, 144 Tex. 360, 190 S.W. 709.

■■ The City of Corpus Christi must find, if at all, its authority to levy a city permit tax of two per cent of gross receipts against appellee in the 1947 amendment to Art. 6698, supra. This amendment is an exception to the rule laid down originally by the provisions of Art. 6698, supra,

pre-empting to the State the exclusive right to levy and collect registration fees and all other like burdens on owners of motor vehicles. Such amendment which provides an exception to the provision of the main article must be strictly construed. 39 Tex. Jur. 277, § 148. When this is done, we can come to no other conclusion than that the City was without authority to levy a city permit tax of two per cent of gross receipts, which it has attempted to levy against appellee.

The judgment of the trial court is affirmed.