Ross LANGDON, Appellant,

v.

MARYLAND CASUALTY COMPANY, Appellee.

No. 19336.

United States Court of Appeals District of Columbia Circuit.

Decided Jan. 25, 1966.

Danaher, Circuit Judge, dissented.

Mr. Ross Langdon, appellant pro se, submitted on the brief.

Mr. J. Joseph Barse, Washington, D. C., with whom Messrs. H. Mason Welch, J. Harry Welch, Walter J. Murphy, Jr., and James A. Welch, Washington, D. C., were on the brief, submitted on the brief for appellee.

Before BAZELON, Chief Judge, and DANAHER and WRIGHT, Circuit Judges.

BAZELON, Chief Judge:

Appellant Langdon sought injunctive and monetary relief in the District Court against appellee, Maryland Casualty Company, for breach of an automobile liability insurance policy. The policy was

for a one-year term, running from July 6, 1964, to July 6, 1965. It provided for cancellation by the insurer in the following terms:

"16. * * * This policy may be canceled by the company by mailing to the insured * * * at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective."

"17. * * * After this policy has been in effect for sixty days * * * the company shall not exercise its right to cancel the insurance [except for cause]. * * *"

On August 31, 1964, appellee sent a "cancellation notice" to appellant, which stated that the policy is "hereby CANCELLED as of 12:01 A.M. the 10 day of September, 1964, from and after which day and hour the policy will no longer be in force." The trial court found that this notice was valid under the terms of the policy and that the policy had been effectively terminated. It therefore entered judgment for appellee "on the pleadings."

On this appeal, appellee concedes that it did not cancel the policy for cause. It asserts, instead, that its cancellation was valid even in the absence of cause, since, in the language of clause 17, it exercised its "right to cancel" by mailing the notice on August 31, 57 days after the policy went into effect. Appellee would thus have us construe the phrase "exercise its right to cancel" as referring to the act of mailing the notice; so long as this occurred before the 60th day, the cancellation without cause would be valid, regardless of how long thereafter actual termination of insurance coverage took place. Appellant, however, contends that

the phrase "exercise its right to cancel" refers to the date when coverage under the policy actually ceases, September 10 in this case. Were this interpretation of the policy accepted, the "right to cancel" would have been exercised by the company more than 60 days after the contract had gone into effect, and appellee would have violated clause 17 of the policy.

■■ Faced with this obvious ambiguity in the insurance policy, we interpret the contract against the drafter and in favor of the insured.[1] Appellant's version of clause 17 is, moreover, the more reasonable interpretation of the disputed language. Clause 16, governing the form of the cancellation notice, does not require ten days' notice in every instance, but only a statement of "when *not less than ten days* thereafter cancellation shall be effective." Adoption of appellee's interpretation of clause 17 would mean that the company could send a notice of cancellation without cause before the expiration of the 60 day period, but not to take effect for another 20, or 30, or even 50 days. This would substantially lessen the protection accorded the insured by clause 17—that after passage of 60 days he no longer need fear unexplained or arbitrary termination of his policy. Finally, to the extent that the intent of the parties is discernible, it is most unlikely that appellant, when he signed the contract, thought that the company could cancel the policy without cause after 60 days by resort to a timely notice of cancellation which would not take effect until far in the future. We therefore hold that the notice sent to appellant was invalid to cancel the policy and that appellee breached the contract

1. See, *e. g.*, Smith v. Indemnity Ins. Co., 115 U.S.App.D.C. 295, 318 F.2d 266, cert. denied, 375 U.S. 904, 84 S.Ct. 497, 11 L. Ed.2d 146 (1963); Love v. American Casualty Co., 113 U.S.App.D.C. 195, 306 F. 2d 802 (1962); Hayes v. Home Life Ins. Co., 83 U.S.App.D.C. 110, 168 F.2d 152 (1948); United States Fidelity & Guaranty Co. v. National Paving & Contracting Co., 228 Md. 40, 178 A.2d 872 (1962).

This court on its own motion asked the parties to brief the potential conflict of laws issue in this case. However, it now appears that the applicable law of the District of Columbia and of Maryland —the only possibly relevant jurisdictions —is identical. Hence, there is no conflict of laws and we do not have to choose between the legal doctrines of the two jurisdictions.

by refusing to provide insurance coverage thereunder.[2]

■ Appellee, however, has suggested that the case is moot, since the policy, even if it had remained in effect, would have expired on July 6, 1965. There is no merit in this contention. The law is clear that damages may be recovered for the wrongful cancellation of an insurance contract by the insurer.[3] The possibility that appellant may fail to prove damages at trial does not render the case moot.[4] In addition, equitable relief may still be available to appellant. For example, if an award of damages would be an inadequate remedy, the court might grant equitable relief by compelling reinstatement of the policy for a period of time equal to its unexpired portion, despite the fact that it would otherwise have terminated; or the court might order the company to issue a new one-year policy under the renewal clause of the now expired policy.[5] This, of course, is not to say that equitable relief must be accorded appellant, but only that the trial court has the power to fashion an appropriate remedy.

Reversed and remanded for further proceedings not inconsistent with this opinion.

DANAHER, Circuit Judge (dissenting).

The District Judge in his Memorandum and Order noted that the material facts are not in issue. He found that the appellee issued to the appellant an automobile insurance policy which became effective on July 9, 1964 and was to run for one year. The policy contained a clause 17 which provided that after the policy had been in effect for 60 days the insurer "shall not exercise its right to cancel the insurance" except for stated and specific reasons.

Before the policy had been in effect for 60 days the Company on August 31, 1964 mailed to the appellant a cancellation notice, as the trial judge found. Appended as an exhibit to the appellant's amended complaint, that notice recited that the policy issued to the appellant "is hereby CANCELLED as of 12:01 A.M. the 10 day of September, 1964, from and after which day and hour the policy will no longer be in force."

Clause 16 of the policy had provided "The mailing of notice as aforesaid shall be sufficient proof of notice." Thus, we have here no question as to the mailing or the receipt of the notice. Cf. Sea-

2. Cf., Scott v. Hoage, 63 App.D.C. 391, 73 F.2d 114 (1934); German Union Fire Ins. Co. of Baltimore v. Fred G. Clarke Co., 116 Md. 622, 82 A. 974, 39 L.R.A.,N.S., 829 (1911); American Fire Ins. Co. v. Brooks, 83 Md. 22, 34 A. 373 (1896). Appellant also argued that the notice of cancellation was void and of no effect because it stated a date for termination of coverage less than ten days after it was sent and thus violated clause 16. Because of our dispositon of the case, we need not consider this contention.

3. See, e. g., Capital City Benevolent Soc. v. Travers, 55 App.D.C. 214, 4 F.2d 290 (1925); Watson v. Massachusetts Mutual Life Ins. Co., 78 U.S.App.D.C. 248, 140 F.2d 673 (1943), cert. denied, 322 U.S. 746, 64 S.Ct. 1156, 88 L.Ed. 1578 (1944); APPLEMAN, INSURANCE LAW AND PRACTICE § 11251 (1947).

4. Appellant alleged breach of contract and included a claim for damages of $12,500 in his complaint. He also asserted that he was injured by the wrongful termination because he was unable to procure other insurance. The Federal Rules of Civil Procedure don't require that general damages be pleaded more explicitly. See Rules 8 and 9(g); Official Forms 9 and 12; 2 MOORE, FEDERAL PRACTICE ¶ 9.08 (2d ed. 1964). If appellant wishes to claim for special damages, his allegation of inability to obtain other insurance is sufficient to allow recovery of his losses arising from this cause. If other special damages have been incurred, we see no reason why appellant should not be allowed to amend his complaint before trial to specify them.

5. Cf., e. g., APPLEMAN, INSURANCE LAW AND PRACTICE §§ 1897, 2061, 11251 (1941, 1947); POMEROY, EQUITY JURISPRUDENCE §§ 423–424, 1400–1405 (5th ed. 1941). If the trial court chooses to order a renewal of the policy, the terms of clause 17 would prevent appellee from cancelling the policy without cause for the duration of the renewal term.

board Mut. Casualty Co. v. Profit, 108 F.2d 597, 126 A.L.R. 1105 (4 Cir. 1940).

Clause 16 of the policy further provided:

"This policy may be canceled by the company by mailing to the insured * * * at the address shown in this policy written notice stating when not less than ten days thereafter such cancellation shall be effective."

The District Code contains no prescribed form for cancellation of automobile liability policies, but, interestingly enough, D.C.CODE § 35–712 (1961) prescribes basic provisions for individual accident and sickness policies. As to cancellation, the prescribed form provides that the insurer may cancel a policy by written notice mailed to the last address of the insured, "stating when, not less than five days thereafter, such cancellation shall be effective."

I see no slightest ambiguity in that language, all but identical to that in the instant case. I gather that the Superintendent of Insurance discerned no ambiguity in such language.

In short, the contract set the period that the notice must run. If the insurer within sixty days of the effective date of the policy elected to cancel, it was privileged to do so upon its mailing the notice which fixed a cancellation date not less than ten days thereafter. That notice, mailed August 31, 1964, fixed September 10, 1964 as the date of termination. That

"meaningful act is not an empty gesture. To hold that the letter had no effect because it mistakenly set a period short of that required would make a modern application of the brittle fifteenth century common law. The rule which we adopt, that a notice, good in all other respects, such as being definite rather than a mere statement of future intention, is not made totally ineffective be-

cause it states a period shorter than the contract requires, is in accordance with the authorities." [1]

With that statement by Mr. Justice Vinson, joined by Chief Justice Groner and Associate Justice Rutledge, I find myself in accord. I elaborate no further than to observe that the opinion by District Judge Walsh correctly discerned and gave application to the rules which should govern the disposition of this case.

I would affirm the judgment.

---

[1]. All States Service Station v. Standard Oil Co. of New Jersey, 73 App.D.C. 342, 343, 120 F.2d 714, 715 (1941). And see

Young v. State Farm Mut. Automobile Ins. Co., D.C.App., 213 A.2d 890 (1965). And compare FED.R.CIV.P. 6(a).