

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 18, 1991

Honorable Joe Lucas
El Paso County Attorney
Room 201, City-County Building
El Paso, Texas 79901

Opinion No. DM-70

Re: Whether Local Government Code section 252.024 in itself exempts municipal purchases of excess or surplus insurance from competitive bidding, and related questions (RQ-127)

Dear Mr. Lucas:

Your questions relate to the provisions of a 1985 amendment to the statutes governing purchases by municipalities. Those provisions, now codified as section 252.024 of the Local Government Code, state:

> This chapter does not prevent a municipality from selecting a licensed insurance broker[1] as the sole broker of record to obtain proposals and coverages for excess or surplus insurance that provides necessary coverage and adequate limits of coverage in structuring layered excess coverages in all areas of risk requiring special consideration, including public official liability, police professional liability, and airport liability.[2] The broker may be retained only on a fee basis and may not receive

---

[1] We note at the outset that we find nothing in Texas law specifically providing for licensure as an "insurance broker." *See* Ins. Code arts. 21.07 (licensing of insurance "agents"), 21.14 (licensing of "local recording agents" and "solicitors"). You do not specifically ask about the effect, if any, of this apparent anomaly in section 252.024, and we do not address it here.

[2] "An 'excess' policy is one that provides that the insurer is liable only for the excess above and beyond that which may be collected on other insurance." *Brownsville Fabrics, Inc. v. Gulf Ins. Co.*, 550 S.W.2d 332, 337 (Tex. Civ. App.--Corpus Christi 1977, writ ref'd n.r.e.).

any other remuneration from any other source. (Footnotes added.)

Chapter 252 of the Local Government Code, the chapter to which section 252.024 refers, generally requires that municipal contracts requiring expenditures in excess of stated amounts be let pursuant to the competitive bidding procedures provided for in the chapter. *Id.* § 252.021.

You state:

The Director of Risk Management for the City of El Paso is of the opinion that the concept of "layered excess coverages" in Section 252.024 is broad enough to allow the City to obtain proposals through a licensed broker (in lieu of the bid process) for all insurance coverages in excess of a given retention amount or in excess of a large deductible.

You ask specifically in this regard: "What are the retention and deductible amounts the coverage must be in excess of?" You conclude in the brief submitted with your request that section 252.024 "exempts municipalities from competitively bidding any insurance that exceeds the stated retention or deductible amounts in an insurance policy." We disagree.

Concededly, the language of section 252.024 is susceptible of various possible constructions. Parsing that language to read that nothing in chapter 252 prevents a municipality from selecting a broker "to obtain . . . coverages for excess or surplus insurance" arguably supports the interpretation of the provisions offered by the city's director of risk management. In our opinion, however, section 252.024 should be construed more narrowly. Actual purchases of such insurance continue to be subject to the applicable notice and bidding procedures provided for in chapter 252. *See id.* §§ 252.021, 252.041, 252.043; *see also* Attorney General Opinion MW-494 (1982) (construing similar predecessor language in county purchasing statute to subject insurance purchases to competitive bidding). While other provisions of chapter 252 may permit such purchases to be made without competitive bidding in particular cases, *see, e.g., id.* §§ 252.021 (establishing the threshold purchase amounts for purposes of competitive bidding requirements), 252.002(7) (sole-source exemption), we do not believe section 252.024 itself operates to exempt such purchases from competitive bidding.

Exceptions, particularly when they are added by amendment, are generally to be narrowly construed. *See, e.g., City of Corpus Christi v. L. C. McClaugherty*, 284 S.W.2d 927, 928-29 (Tex. Civ. App.--San Antonio 1955, writ ref'd).[3] Also, there is a strong public policy favoring the competitive bidding of public purchases that makes us additionally cautious in construing exceptions to the requirements. The purpose of the requirements "is to stimulate competition, prevent favoritism and secure the best work and materials at the lowest practicable price, for the best interests and benefit of the taxpayers and property owners." *Sterrett v. Bell*, 240 S.W.2d 516, 520 (Tex. Civ. App.--Dallas 1951, no writ) (quoted in *Texas Highway Comm'n v. Texas Ass'n of Steel Importers*, 372 S.W.2d 525, 527 (Tex. 1963)).

The provisions of section 252.024 were first adopted in 1985 as part of a bill that substantially rewrote former article 2368a, V.T.C.S., and other statutes governing city and county purchasing. Acts 1985, 69th Leg., ch. 505, at 2090. In 1987, article 2368a was codified, without substantive change, in chapter 252 of the Local Government Code. Acts 1987, 70th Leg., ch. 149, at 707. The language of former article 2368a, providing for municipal competitive bidding requirements and exceptions thereto, is worth noting:

> The term "exempted procurements" shall include any of the following:
>
> (1) procurements made in case of public calamity ... ;
>
> . . . .
>
> (6) the purchase of land or right-of-way.

Acts 1985, 69th Leg., ch. 505, § 1, at 2090. The list of exempted procurements did not include any specific references to insurance purchases.

> Except in the case of exempted procurements, no city [with a stated population] shall make a contract requiring an expenditure or payment [in stated amounts] ... without first

---

[3]The contrary rule, calling for liberal construction of exceptions intended to remedy individual hardships, would not, we think, apply in interpreting section 252.024. *See Gaddy v. First Nat'l Bank*, 283 S.W. 277, 280 (Tex. Civ. App.--Beaumont 1923, no writ).

> submitting such proposed contract to competitive sealed bidding
> or competitive sealed proposals.[4]

*Id.* § 2, at 2091.

If the legislature had intended generally to exempt excess or surplus insurance purchases from the competitive bidding requirements now codified in chapter 252, we think it would have specifically listed such kinds of purchases among the "exempted procurements" provided for at the time the provisions now codified in section 252.024 were adopted. No substantive change was intended when the above-referenced provisions of former article 2368a were codified as part of Local Government Code chapter 252. Local Gov't Code § 1.001; *see id.* §§ 252.021 ("municipality must comply with the procedure prescribed by this chapter for competitive sealed bidding or competitive sealed proposals"), 252.022 ("chapter does not apply to an expenditure for" listed items, which were set out as "exempted procurements" in former article 2368a).

We note, too, that your question -- what retention or deductible amounts the coverage must be in excess of in order for the purchase of that coverage to be exempt from the competitive bidding requirements -- in itself reveals a major difficulty in construing section 252.024 as itself exempting municipal purchases of surplus or excess insurance from the competitive bidding requirements. The section provides no guidelines as to what basic coverage amounts a municipality would have to obtain in order to qualify for the exemption for surplus or excess coverage. Your brief suggests that section 252.024 "exempts municipalities from competitively bidding *any insurance that exceeds the stated retention or deductible amounts in an insurance policy.*" (Emphasis ours.) If this were the case, municipalities could avoid competitive bidding for virtually all insurance purchases by purchasing minimal basic coverage or self-insuring in only token amounts and characterizing all additional coverages as "excess or surplus" coverages. We do not believe the legislature intended this result.

The kinds of risks to be insured against that are within the scope of section 252.024 are those kinds requiring "special consideration," where "layered excess

---

[4]A municipality may use the competitive sealed proposal procedure only for "high technology procurements." *See now* Local Gov't Code §§ 252.021, 252.042. *Compare id.* § 262.030 (permitting counties to use the alternative competitive sealed proposal procedure for both high technology items and insurance).

coverages" might be the most suitable method of insuring against them. We think the provisions of section 252.024 address the concern that municipalities might have lacked sufficient flexibility under traditional competitive bidding parameters in obtaining these sorts of insurance. Case law construing the traditional competitive bidding requirements indicates that contact with potential providers outside the statutory notice and bidding process might run afoul of those requirements. *See Sterrett v. Bell, supra,* at 520 ("competitive bidding ... requires that all bidders be placed upon the same plane of equality"). In "structuring" the coverages in question, however, such contacts with potential providers may be necessary in order to find out what might be available in the market, so as to be able to properly formulate bid specifications, and in order to locate and alert potential bidders outside the circulation range of the medium of notice, *i.e.* "a newspaper published in the municipality."[5] *See* Local Gov't Code § 252.041 (notice provisions).

Again, we construe section 252.024 narrowly. Section 252.024 permits municipalities, notwithstanding the traditional competitive bidding requirements in chapter 252, to engage a "sole broker of record" to determine what sorts of excess or surplus coverages suitable to the municipality's needs are available and to solicit proposals regarding such kinds of coverage. Prior to the enactment of this provision, under the law of competitive bidding as developed by the courts, such activities may have been restricted.[6] Section 252.024 does not supplant, but rather supplements, the traditional competitive bidding provisions of chapter 252. Actual purchases of insurance remain subject to the applicable notice and bidding requirements of the chapter. The resolution of such questions as what precise kinds of surplus and excess coverage are embraced by those provisions, and what particular kinds of activities a "sole broker of record" would be authorized to pursue, would depend in part on the facts of the particular case.

You also ask for a "clarification of what 'selection of an insurance broker' means" in section 252.024. In your brief, you conclude that under section 252.022, "the City may 'select' ... an insurance broker without going through the competitive bidding process." However, for reasons similar to those we have given above, we do

---

[5]We understand that a frequently encountered problem in this area has been that no bids are received in response to local governments' notices.

[6]The last sentence of section 252.024 provides that the "broker may be retained only on a fee basis and may not receive any other remuneration from any other source." The legislature apparently added this provision to offset the anti-competitive potential in the broker's contacts with providers.

not believe that section 252.024 in itself exempts the selection of such broker from competitive bidding. The exception created by section 252.024 must be construed narrowly. *See* discussion, *supra*, at 3. Had the legislature intended generally to exempt such selection of a "sole broker of record," it would have done so specifically.

Please note, however, that we do not mean to imply that "selection" of an insurance broker under section 252.024 could not, depending on the facts of the particular case, fall within other exemptions from competitive bidding requirements. For example, the exemption provided for in section 252.022 for "personal or professional services" may be applicable in some circumstances. *See generally* Attorney General Opinions JM-1136 (1990) (whether services fall within personal or professional services exemption from competitive bidding involves fact questions); JM-1038 (1989) (nature of particular services determine whether the services of a third party administrator are "professional"); MW-494 (1982) (specifically not addressing whether employment of an "insurance consultant" would be within the exception for personal or professional services). We conclude here only that section 252.024 does not in itself create such an exemption.

## SUMMARY

Section 252.024 of the Local Government Code does not in itself exempt municipal purchases of "excess" or "surplus" insurance from the requirement that such purchases be made through competitive bidding. Nor does that section in itself exempt a municipality's selection of a "sole broker of record" from competitive bidding requirements.

Very truly yours,

DAN MORALES
Attorney General of Texas

**WILL PRYOR**
First Assistant Attorney General

**MARY KELLER**
Deputy Assistant Attorney General

**JUDGE ZOLLIE STEAKLEY (Ret.)**
Special Assistant Attorney General

**RENEA HICKS**
Special Assistant Attorney General

**MADELEINE B. JOHNSON**
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General