James S. Brown, J.
Six individuals, five of whom reside in Brooklyn, one in a nearby suburb, have submitted for the required approval of this court a proposed certificate for the incorporation of a membership corporation to bear the above name.
Although the certificate does not so state, the court is advised by the attorney for these parties that they are all sufferers from diarrheal diseases and patients of a Brooklyn physician who specializes in that field and who has evidently aroused their interest in helping fellow-sufferers.
The primary purpose of this proposed organization is to fight diarrheal diseases and in its certificate it states it proposes “ to foster and promote programs and facilities for the diagnosis, treatment and cure ” of such diseases; and “ to foster and promote the cure and alleviation of the condition of persons suffering ’ ’ therefrom; and ‘ ‘ to promote and encourage research into the causes, diagnosis, treatment and cure ’ ’ thereof, and 1 ‘ to promote the development of laboratory, clinical and medical facilities and services to aid in the investigation, diagnosis,” etc., and to ‘ ‘ promote teaching and training programs for physicians, nurses, dietitians and other professional and technical personnel in the field of such diseases ”; and “ to disseminate information and foster public education on these diseases and the sufferers.”
The court has no reason to doubt the sincerity of this group and does not wish to discourage altruistic people willing and anxious to devote their time and money to a worthy cause. Nevertheless such words as “ national ” and “ foundation ” should not be permitted to be used loosely lest the public become confused and misled. Certainly the word national ” contemplates an activity with a nationwide scope. “ Foundation ” is defined in Webster’s Unabridged International Dictionary as a corporation with funds for contributing to the endowment of institutions as for educational or charitable work. The court realizes that these words are sought to be used here as they are used in the titles of some of the national associations for the care and cure of cancer, heart disease, polio, tuberculosis, arthritis, muscular distrophy and other diseases. No one can gainsay the benefits derived by the public from those organizations. The court is aware, too, that some of them must have had modest origins as small groups similar to the one now before *14 the court. However, when public health is involved, too much care cannot be exercised for its safety and it would be better for a group like' this to prove its merit on a local level before being permitted to assume a status as a “ national foundation ’ ’.
Aside from the misleading effect which such a high-sounding title as “ national foundation” might have, even if such an organization is sought to be incorporated under another name and on a local level, the consent of the State Commissioner of Health or the State Commissioner of Education would be desirable and should be required so that proper supervision can be maintained. When a State issues a charter with such broad powers as those set forth in the one in question, the public would be justified in assuming State supervision and approval of the “ information ” and “ public education” proposed to be disseminated.
Subdivisions 1, 2 and 11 of section 11 of the Membership Corporations Law give many instances, some of which are concerned with types of activity of less importance than the one in question, when the consent of certain authorities is required before such a certificate can be approved. It is therefore surprising that no approval by any State agency appears necessary for a corporation like the one in question.
However, under all the circumstances, approval of this certificate of incorporation is denied.