

# The Attorney General of Texas

August 17, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin. TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas. TX. 75202
214/742-8944

4824 Alberta Ave.. Suite 160
El Paso. TX. 79905
915/533-3484

723 Main. Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway. Suite 312
Lubbock. TX. 79401
806/747-5238

4313 N. Tenth. Suite F
McAllen. TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio. TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tim Von Dohlen
Chairman, Committee on Regions,
  Compacts & Districts
House of Representatives
Austin, Texas

Opinion No.   MW-46

Re: Whether a city may dispose of public land at fair market value under article 5421c-12, section 2(e), V.T.C.S., to a private, nonprofit, neighborhood-oriented corporation so that low cost housing may be constructed for resale to low income citizens.

Dear Representative Von Dohlen:

You have requested our opinion as to the circumstances under which a city may dispose of land pursuant to section 2(e) of article 5421c-12, V.T.C.S. Article 5421c-12 establishes certain bidding and publication procedures with which a political subdivision must comply before it may sell or exchange land, unless the transaction falls within one of the exceptions set forth in section 2. Section 2(e) excepts:

> [l]and owned by a political subdivision which it desires to have developed by contract with an independent foundation.

You state that a city wishes to sell land at fair market value "to a private, nonprofit, neighborhood-oriented corporation so that low cost housing may be constructed thereon through this corporation for resale, at cost, to low income citizens." No actual development of the land for a particular purpose would be required by the contract of sale. You ask whether, in such circumstances, the sale is within the exception of section 2(e).

Neither article 5421c-12 nor any other Texas statute or judicial decision defines the term "independent foundation." A "foundation" in this context is

> 3b. an organization or institution established by endowment ... or otherwise established with a provision for future maintenance. ...

Webster's New International Dictionary (3d ed.), at 898.  One court has said that a "foundation" is a "corporation with funds for contributing to the endowment of institutions as for educational or charitable work."  In re National Foundation for Diarrheal Diseases, 164 N.Y.S.2d 177, 178 (Sup. Ct. 1957).  Although it is not clearly embraced within the traditional concept of "foundation," we cannot say as a matter of law that the legislature intended to exclude from the section 2(e) exception the kind of nonprofit corporation you have described. See 26 U.S.C. 5509 (definition of "private foundation").

Section 2(e) is operative, however, only in those instances in which the political subdivision "desires to have [the land] developed by contract with an independent foundation."  An exception to the bidding statutes should be strictly construed. See City of Corpus Christi v. McClaugherty, 284 S.W.2d 927, 929 (Tex. Civ. App. — San Antonio 1955, writ ref'd); Town of Port Acres v. City of Port Arthur, 340 S.W.2d 325, 331 (Tex. Civ. App. — Beaumont 1960, writ ref'd n.r.e.).  See also Attorney General Opinion H-1188 (1978).  In our opinion, the terms of the exception require that, as part of the contract of sale, the foundation agree to develop the land in accordance with the city's specifications. We conclude therefore that, although a particular nonprofit corporation may qualify as a foundation under the section 2(e) exception to article 5421c-12, the exception operates only so long as the foundation agrees, under the contract of sale, to develop the land as the city may determine.

## SUMMARY

A particular nonprofit corporation may qualify as a "foundation" under the section 2(e) exception to article 5421c-12, V.T.C.S., but the exception operates only if the foundation agrees, as part of the contract of sale, to develop the land according to the city's specifications.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
David B. Brooks
Walter Davis
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood