Honorable Tim Von Dohlen Chairman, Committee on Regions, Compacts Districts House of Representatives Austin, Texas
Re: Whether a city may dispose of public land at fair market value under article 5421c-12, section 2(e), V.T.C.S., to a private, nonprofit, neighborhood-oriented corporation so that low cost housing may be constructed for resale to low income citizens.
Dear Representative Von Dohlen:
You have requested our opinion as to the circumstances under which a city may dispose of land pursuant to section 2(e) of article 5421c-12, V.T.C.S. Article 5421c-12 establishes certain bidding and publication procedures with which a political subdivision must comply before it may sell or exchange land, unless the transaction falls within one of the exceptions set forth in section 2. Section 2(e) excepts:
 [l]and owned by a political subdivision which it desires to have developed by contract with an independent foundation.
 You state that a city wishes to sell land at fair market value `to a private, nonprofit, neighborhood-oriented corporation so that low cost housing may be constructed thereon through this corporation for resale, at cost, to low income citizens.' No actual development of the land for a particular purpose would be required by the contract of sale. You ask whether, in such circumstances, the sale is within the exception of section 2(e).
Neither article 5412c-12 nor any other Texas statute or judicial decision defines the term `independent foundation.' A `foundation' in this context is
 3b. an organization or institution established by endowment . . . or otherwise established with a provision for future maintenance. . . .
Webster's New International Dictionary (3d ed.), at 898. One court has said that a `foundation' is a `corporation with funds for contributing to the endowment of institutions as for educational or charitable work.' In re National Foundation for Diarrheal Diseases, 164 N.Y.S.2d 177, 178 (Sup.Ct. 1957). Although it is not clearly embraced within the foundation.' An exception to the bidding statutes say as a matter of law that the legislature intended to exclude from the section 2(e) exception the kind of nonprofit corporation you have described. See 26 U.S.C. § 5509 (definition of `private foundation').
Section 2(e) is operative, however, only in those instances in which the political subdivision `desires to have [the land] developed by contract with an independent foundation.h An exception to the bidding statutes should be strictly construed. See City of Corpus Christi v. McClaugherty, 284 S.W.2d 927, 929
(Tex.Civ.App.-San Antonio 1955, writ ref'd); Town of Port Acres v. City of Port Arthur, 340 S.W.2d 325, 331 (Tex.Civ.App.-Beaumont 1960, writ ref'd n.r.e.). See also Attorney General OpinionH-1188 (1978). In our opinion, the terms of the exception require that, as part of the contract of sale, the foundation agree to develop the land in accordance with the city's specifications. We conclude therefore that, although a particular nonprofit corporation may qualify as a foundation under the section 2(e) exception to article 5421c-12, the exception operates only so long as the foundation agrees, under the contract of sale, to develop the land as the city may determine.
 SUMMARY
A particular nonprofit corporation may qualify as a `foundation' under the section 2(e) exception to article 5421c-12, V.T.C.S., but the exception operates only if the foundation agrees, as part of the contract of sale, to develop the land according to the city's specifications.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Ted L. Hartley Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General